ROBINSON v. ALABAMA & G. MANUF'G CO. et al.

(Circuit Court, N. D. Georgia. September 14, 1894.)

1. FORECLOSURE DECREE—REVERSAL AFTER SALE—PETITION—RIGHTS OF PURCHASER.

Where a foreclosure decree has been reversed upon appeal after sale of the property, it is futile for the purchaser to contend in the lower court, as against a motion for restitution, that the ground upon which the reversal was based would not have been entertained by the appellate court, if certain matters which occurred at the trial, and which were claimed to operate as a waiver of defendants' rights, had been incorporated into the record and brought to the attention of the appellate court; for the reversal must operate to its full extent, irrespective of the grounds upon which it was based.

2. SAME—ESTOPPEL BY CONDUCT OF COUNSEL.

The fact that counsel for the defendant in a foreclosure suit was present at the sale, and gave an opinion that the title thereby acquired would be good, and the further fact that he then represented certain of the mortgage bondholders, and accepted for them the amounts due on their bonds, *held* not to operate as an estoppel against the defendant, whereby the latter would be prevented from claiming a restitution of the property in case the foreclosure decree was subsequently reversed on appeal.

3. SAME—RESTITUTION AS AGAINST ASSIGNEE OF PURCHASER.

A corporation whose property was sold under a foreclosure decree, which was afterwards reversed, *held* entitled to restitution, not only as

against a corporation for which the property was purchased at the sale, but also as against a third corporation, to which the stock of the purchasing corporation was afterwards assigned; it appearing that the principal member of the purchasing committee was the active officer in both of the latter corporations, and in fact represented both of them in all matters occurring subsequent to the sale.

**4. SAME—RESTITUTION AND RESALE.**

A decree foreclosing a trust deed given to secure bonds was reversed after the property had been sold. The court thereupon ordered a restitution, on condition, however, that defendant should repay the purchase money within a time stated. The condition was not complied with, and the purchasers remained in possession. In the meantime it was ascertained by further proceedings that part of the bondholders were entitled to have their lien enforced. *Held*, that the court could not then make an order confirming the original sale, but that, as the purchasers at that sale must be considered to have taken the property subject to the lien of the bonds last found entitled to enforcement, a resale must be ordered, and that the court would, by proper orders, control the proceedings so as to fully protect the rights of all parties in the distribution of the funds arising from the second sale.

This was a suit by J. J. Robinson, trustee, against the Alabama & Georgia Manufacturing Company, the Huguley Manufacturing Company, and William T. Huguley, to foreclose a trust deed given by the first-named company to secure an issue of bonds. The property covered by the deed was, at the time the suit was brought, owned by the Huguley Manufacturing Company, which had acquired it at a judicial sale under proceedings in a state court, subject to the mortgage above referred to. In the present suit a decree of foreclosure was heretofore entered by this court. 48 Fed. 12. An appeal was allowed, but was not prosecuted, and no supersedeas bond was given within the time allowed by law. Subsequently, however, an appeal was allowed without supersedeas; but between the allowance of the first and second appeals the property was sold under order of this court. Afterwards the circuit court of appeals reversed the decree ordering the foreclosure and sale. 6 C. C. A. 79, 56 Fed. 690. Defendants have now moved for a restitution of the property.

John M. Chilton, Allen Fort, and John C. Reed, for movants.

B. F. Abbott, C. A. Abbott, and Dorsey, Brewster & Howell, contra.

NEWMAN, District Judge. This is a motion for restitution of property sold under a decree of this court, which was subsequently reversed. The sale was under a decree of foreclosure of a mortgage or deed of trust, at the suit of J. J. Robinson, trustee, for certain bondholders, whose bonds were secured by the mortgage or deed of trust. An appeal was allowed on motion of counsel who represented the defendant corporation in the foreclosure proceeding, on the 28th day of July, 1892. This appeal was not prosecuted, and no supersedeas bond was given before the expiration of the time allowed by law for supersedeas. Subsequently, to wit, on November 21, 1892, on motion of other counsel, who came into the case, an appeal was allowed without supersedeas. The assignment of errors was filed, and appeal bond for costs was given.

Between the allowance of the first and second appeals the property was advertised for sale, and was sold by a commissioner appointed by the court, and the property purchased by L. Lanier and others, as trustees for the bondholders. Ten thousand dollars in cash was paid into the hands of the commissioner, being the amount required by the decree to be paid in cash, in the event the property should be purchased ·by the bondholders. The sale was on the first Tuesday in September, and on the 16th day of September the sale was confirmed. On the hearing in the circuit court of appeals the decree of this court was reversed. 6 C. C. A. 79, 56 Fed. 690. After the reversal, and the receipt of the mandate to this court of the appellate court, motion was made by counsel for the Huguley Company for restitution of the property sold as above set forth. A question of considerable difficulty is presented by this motion, and it has been carefully and fully argued by counsel for the movants and for the purchasers, and has been fully and elaborately discussed in briefs furnished the court since the oral argument.

It is contended, in the first place, that the ground upon which the right to reversal was placed by the appellate court would not have been entertained by that court, if what had occurred in this court as to that matter had appeared in the record. The difficulty about that is that whatever may have occurred in this court, and as to how far it may have operated as a waiver on the part of the defendant company to have an accounting of the bonds which came within the ruling of the court as to nonpayment of interest coupons, it did not appear in the record, and the appellate court knew nothing of it, and the judgment of that court was that by the failure to have such accounting the decree foreclosing the whole issue of the bonds was erroneous. So the argument that this should influence the discretion of the court here in the matter of restitution cannot be considered. The judgment stands reversed, and the reversal is just as effectual for the purposes of the motion now under consideration as if it had been upon the ground that the court erred in not allowing, as a matter of law, the three days of grace claimed by defendants·in addition to the six months provided in the contract.

It is next claimed that the action of the Huguley Manufacturing Company, and especially of its counsel of record and in court, was such, in connection with the sale of the property, at the sale, and on the confirmation of the same, as to estop it from claiming restitution of the property sold. Even if counsel for the Huguley Company could bind it by an express agreement that there should be no subsequent appeal and no subsequent effort to recover the property, no act is proven on the part of counsel which goes to this extent. The opinion of the leading counsel for the defendant, given at the sale or about the time of the sale, that the title acquired at the sale would be good, is no more than the opinion of any other lawyer as to the legal effect of the proceedings. His presence at the sale has no greater effect, and certainly his representing there certain bondholders, and accepting for them the amount due on their bonds, cannot in any way operate as an estoppel against

the Huguley Manufacturing Company.    On the whole, I see nothing whatever in the facts set up here which is sufficient to operate as an estoppel against the right of the Huguley Manufacturing Company to make and prosecute this motion for restitution.

The next and principal question is as to how far the holders, at present, of this property are protected by the sale and the proceedings with reference to the property which occurred subsequently. It appears that after the purchase of the factory property by Lanier and others, as trustees for the bondholders, certain bondholders were not willing to come into the scheme of reorganization which the bulk of the bondholders had assented to, and it was necessary to pay them, in cash, the pro rata amount which their bonds would be entitled to, from the price realized at the sale. Then a new corporation was organized, called the "Galeton Cotton Mills," and holders of bonds, secured by the mortgage under which the property had been sold, were given stock in the new corporation, the total amount of such stock amounting to $65,000. Bonds for an equal amount were issued and delivered to such persons by the Galeton Cotton Mills. The stock was all transferred by the various holders of it to the Westpoint Manufacturing Company, which appears to be now the holder of it. The authorities are somewhat in conflict as to how far a sale, by virtue of a judgment which is subsequently reversed, conveys title which will be protected against a motion for restitution after reversal. It is contended here, and mainly on the authority of the case of Marks v. Cowles, 61 Ala. 299, that not only will such restitution be ordered as between the parties to the case, and as against the plaintiff when he purchased, but also as against the assignee of a party who purchases. It is contended, and it is so held in the case named, that the party who purchases at such a sale gets only a defeasible title, and can convey no greater title to the assignee than he himself obtains. The doctrine of this case would unquestionably require an order of restitution here. The correctness of the rule stated in that case is indorsed in Freem. Judgm. § 484. The question of the right to restitution of the property when there has been a reversal of a judgment, by virtue of which a sale is made, has been several times before the supreme court of the United States. The last case to which attention has been called, or which has been found, is the case of Fuel Co. v. Brock, 139 U. S. 216, 11 Sup. Ct. 523; and, while that was a case where it had been held that the judgment was one which the circuit court had no jurisdiction to grant, still former decisions of the supreme court are cited and somewhat discussed. These cases, as well as the cited case by the supreme court, seem unquestionably to hold that restitution will be granted on a reversed judgment as between parties. The conclusion of the opinion is as follows:

"The same doctrine is sustained in the several state courts of the country, all recognizing the power of the court whose judgment is set aside on its own motion, or reversed by order of an appellate tribunal, to direct restitution, so far as practicable, of all property and rights which have been lost by the erroneous judgment."

It is urged on behalf of the purchasers of this property that, where there has been a sale under an execution by a commissioner acting under a judgment valid and subsisting at the time, a good and unassailable title is conveyed thereby to a party who purchases equally with strangers. The principal case relied on in the argument of this contention is the case of Canal Co. v. Gordon, 2 Abb. (U. S.) 479–488, Fed. Cas. No. 13,189, decided by Justice Field, and the case to which he refers, and from which he quotes, of Parker v. Anderson, 5 T. B. Mon. 455. As to the case decided by Justice Field, it is replied that in Galpin v. Page, 18 Wall. 350, Justice Field, in delivering the opinion of the court, by the language he used, showed his own doubt as to the correctness of the views expressed in Canal Co. v. Gordon, supra. An examination of the case shows this to be true, and it seems entirely clear that Justice Field did not intend to adhere to the views expressed by him in the Canal Co. Case. The other authorities are not in line with what appears to be the great weight of authority on this subject,—indeed, with decisions of the supreme court of the United States, which all seem to be to the effect that, as between parties, restitution will always be awarded where the judgment by virtue of which the sale was made has been reversed. This ruling would unquestionably extend to such beneficiaries as bondholders who are represented in the proceeding by a trustee, where the bondholders are the purchasers. So that it must be taken as established by undoubted authority, and indeed by controlling authority, that restitution would necessarily be directed in this case as against the bondholders who originally purchased the property at the sale.

Now, has there been such change in the title to the property as will protect it against restitution to the Huguley Manufacturing Company, the original owner? There would be no difficulty whatever, as to the Galeton Cotton Mills as it was originally organized, with the stock in the hands of the bondholders who purchased at the foreclosure sale. The real trouble is that the holding of the stock is changed from these parties to the Westpoint Manufacturing Company. The Westpoint Company is not a party here, but the fact of the transfer of the stock has been put in evidence on the hearing of this motion by the Galeton Cotton Mills for the purpose of showing that its stock had gone into other hands, and that the parties to this case are not the real owners of the stock, and consequently of the property. L. Lanier appears by the evidence to be the president of the Galeton Cotton Mills, and secretary and treasurer and active official, so far as this transaction is concerned, of the Westpoint Manufacturing Company. He was also the principal member of the purchasing committee for the bondholders, and he is quite a large holder of the stock also of the Westpoint Company. It cannot be said, therefore, that there is such alienation of this property to a stranger—to one new to the transaction—as would make it necessary to go in this case to the extent that the supreme court of Alabama went in the case of Marks v. Cowles, supra. But the truth seems to be, as is urged, that L. Lanier, who was the principal person acting in the purchase,

v.67 F.no.2—13

was in all subsequent transactions the representative of buyer and seller,—of assignor and assignee. I am not prepared to take issue with the doctrine of Marks v. Cowles, supra, but it is unnecessary, in the opinion of the court, to invoke it in this case; as under the peculiar facts shown here, while restitution will involve some complications and some difficulty, perhaps, in its practical enforcement, I feel it my duty, upon the repayment of the cash paid by purchasers, to direct it. Before any order is made in this matter, however, it will be necessary, probably, to hear counsel as to its terms and conditions. It may be proper to add that, in the opinion of the appellate court directing a reversal of this case, this language is used: "It is obvious that there was such substantial error in that finding as must, on appeal, vitiate all subsequent proceedings." The record in the appellate court showed the sale and the confirmation of the sale, and the language used clearly indicates that the proceedings, up to the time of the purchase by Lanier and others as representatives of the bondholders, in the opinion of that court, were annulled by its judgment of reversal.

(March 9, 1895.)

In an opinion filed on a motion for restitution in this case on the 14th day of September, 1894, it was stated that it would probably be necessary to hear counsel before framing a decree. Counsel were subsequently heard, and a decree entered as follows:

"The matter of framing the proper order or decree, under the opinion of the court of file in the matter of restitution, came on to be heard by the court, and after argument of counsel thereon, on the various aspects of said matter as suggested by counsel, and on consideration thereof, it is considered, ordered, and decreed: (1) That the motion of defendants that they have restitution of the property described in the petition, and which was sold under the decree of this court, as shown by the record, be granted on condition that they deposit with the register of this court, within thirty days from this date, the sum of ten thousand dollars, the same being the sum paid into this court by L. Lanier, A. T. Dallas, and J. T. Kirby, the purchasers of said property. (2) The motion of said defendants, the Huguley Manufacturing Company et al., to refer the question of mesne profits arising from the use and operation of the property since the sale in connection with the amount to be paid into court as a condition to restitution, in order that the one may be offset against the other in case it shall appear that mesne profits have accrued, is denied. (3) The motion of counsel for complainant, that the condition of restitution should be that defendants asking restitution should give bond and security that the property on a resale should bring as much as it sold for at the first sale, is also denied."

The judgment of the court was that restitution should be made only on condition that the amount of money paid into court by the purchasers should be repaid to them before possession would be restored. As stated in the opinion alluded to, the effect of the judgment of reversal was not only to set aside the decree, but, as it seemed, to annul subsequent proceedings. Still, when the purchasers of the property paid into court the $10,000, they paid it under a decree valid and subsisting at that time, and they really paid the money for the benefit of the Huguley Manufacturing Company. The money was paid into court, and paid out for costs due by them, and on their debts, and

they received the benefit of it. Certainly not to require repayment to the purchasers of this amount before restitution would seem to be inequitable. This much is stated now, as it was stated orally at the time of rendering the decree for restitution, for the purpose of making understood what is now said on the proceeding at present before the court.

In accordance with the decision of the appellate court, after entry of the mandate, the original suit for a foreclosure, standing open by the reversal for further action, was referred to a master, who made his report, and certain exceptions to it have been overruled; the exceptions really being to the same effect as the questions raised by the Huguley Manufacturing Company, on their application for restitution. The case is now ripe for a decree of foreclosure of the mortgage as to such of the bonds as the master finds did not accept their interest at the time of the default, in January. The Huguley Manufacturing Company failed to comply with the condition in the order for restitution, by paying the $10,000, and there has consequently been no restitution. As a result, the possession of the purchasers has not been disturbed, and the serious question is as to what decree should now be entered beyond the decree foreclosing the mortgage for the amount of the bonds reported by the master. It is contended for the complainants that there should be a decree confirming the original sale and the title in the purchasers; and, on the other hand, that the only decree the court can enter is a decree for the resale of the property. The argument for the former position is that the court having by its order for restitution provided that such restitution should only be made on condition, and such condition not having been complied with, it leaves the purchasers in the rightful possession of the property, and that no sale of the property which would be effective could now be made. For the latter position the contention is that if, by the decree of reversal of the appellate court, all proceedings subsequent to the rendition of the original decree were annulled, the title to the property in question, as a result, fails, and there is nothing for the court to do but to appoint a commissioner and sell it again. This presents a very difficult question. The case is in an anomalous situation. There is some force in the contention that, in view of the former ruling of the court, restitution could only be had on condition that the noncompliance with that condition left the title to the property in the purchasers, and that they are entitled to a decree confirming such title. On the other hand, the argument is that the motion for restitution is a mere application to have possession of property restored, and does not necessarily affect the title, but is simply to determine the right to possession. But the court is now rendering a decree, giving judgment, and fixing a lien on the property in controversy for the amount of the bonds reported by the master in default, for which the mortgage may be properly foreclosed under the rulings of this court and of the appellate court, with interest thereon. Now, what shall be done with this judgment? That it is necessary that a decree of foreclosure should be rendered all parties to the case agree. It will determine that a lien on this property exists and has existed all along for the amount reported by

the master. Such being the situation, is it material to determine the exact status of the purchasers as to title or possession? In the peculiar condition of the case, they hold it certainly subject to the lien of the mortgage for the amount to be named in this new decree now to be entered. The defendant company claims that it has the right to have this property sold under a valid decree. Perhaps it has. Certainly no harm can accrue to these purchasers if the amount of the debt outstanding, and which they control, is as they state it, and the value of the property such as they contend. All this can be determined, however, and the rights of all parties protected, by the direction which will now be given to the case. There is but one practical course, and that is to provide, in the present decree, for the appointment of a commissioner and resale of the property. The rights of these purchasers, as to the amount heretofore paid into this court, in connection with this proceeding, are still in the entire control of the court, and can be fully protected to any extent that such rights may exist, by proper order, in distributing the funds arising from the sale. Let a decree be framed carrying into effect these views.