WOODS, Circuit Judge,
after making the foregoing statement, delivered the opinion of the court.
The contention of the appellant is that the purchasers at the foreclosure sale, having purchased for themselves and other holders of bonds secured by the trust deed upon which the decree of foreclosure was predicated, were not innocent purchasers, but were in privity with the Farmers’ Loan & Trust Company, the trustee in the deed, upon whose complaint the decree was rendered; and, consequently, that the reversal of the decree ipso facto annulled the sale and the order of court by which it had been confirmed. Robinson v. Manufacturing Co., 67 Fed. 189; Kingsbury v. Stoltz, 23 Ill. App. 413; Freem. Judgm. § 482; Railroad Co. v. Fosdick, 106 U. S. 47, 1 Sup. Ct. 10; Ballard v. Searls, 130 U. S. 50, 9 Sup. Ct. 418. Whether that was the effect of the reversal of the decree was a question which, by a motion for restitution, or in any appropriate mode, the appellant had the right to submit, and, upon an agreed statement of the pertinent facts outside of the record, did join in submitting, to the circuit court for decision. That court, reversing the original decree only in part, reaffirmed the sale, and directed the master to execute a deed to the purchasers. If that action was not a full compliance with the mandate of this court, or was for any reason erroneous, the remedy was either by another appeal or by an application to this court to enforce compliance-with its mandate. The appellant sought relief in neither form, and in the appeal prosecuted by the Farmers’ Loan & Trust Company, to which it was a party, assigned no cross error. It is estopped by the record. The matter is res judicata.
It is no objection to the force of the estoppel that the purchasers at the sale were not formal parties to the record when the decree of September 12th, reconfirming the sale, was entered. It is essential' to the theory of the bill that the purchasers, being in privity with and represented in the suit by the complainant, the trustee in the deed by which their bonds were secured, acquired no better title than if they had been parties by name. Under the conditions and reservations of' the decree, by virtue of which the sale was made, they had been required to pay an additional cash sum upon their bid, and had complied with the order; and even if, prior to the sale, they were strangers to the suit, it would seem clear that, by purchasing at the sale, they came under the power of the court, for the purposes of all orders touching their rights in the property until the sale should be consummated by a deed executed by the order or with the approval of the-court. Kneeland v. Trust Co., 136 U. S. 89, 10 Sup. Ct. 950; Stuart v. Gay, 127 U. S. 518, 8 Sup. Ct. 1279.
The decree below is affirmed.