OREGONIAN RY. CO., LIMITED, *v.* OREGON RY. & NAV. CO.  (No. 1120.)

SAME *v.* SAME.  (No. 1143.)

SAME *v.* SAME.  (No. 1178.)

SAME *v.* SAME.  (No. 1179.)

*(Circuit Court, D. Oregon.* April 16, 1886.)

1. PLEADING—SHAM, REDUNDANT, AND IMMATERIAL ALLEGATIONS IN ANSWER.

An allegation in an answer denying knowledge of a matter alleged in the complaint will not be stricken out as sham unless it appears that the same must be false. An allegation in a complaint that the plaintiff, a British corporation, "is a citizen of Great Britain," is meaningless and immaterial, and so is a denial of the same in the answer. It is not necessary that a corporation formed under the law of Great Britain to construct, own, operate, and lease railways in Oregon should specify in its memorandum of association the *termini* thereof; and therefore an allegation in an answer to a complaint, in an action by such a corporation on a lease of its road, that it had not made such a specification, is immaterial. An allegation of fact in an answer which is not *per se* a defense to the action, and is not attempted to be made so by any proper averment, is immaterial. A mere denial of the lessee corporation's power to execute a lease of a railway, in an action thereon by the lessor corporation to recover rent, is a conclusion of law, and immaterial. An allegation by the lessee corporation in such action that the lessor's road had no near connection with its road; that the capital stock of the latter was not contributed to operate leased roads; that the lease was not ratified by its stockholders, or that it was signed by its president and secretary without the state of its origin,—is immaterial. In an action by the lessor to recover the rent reserved in a lease, an allegation in the answer to the complaint that the lessee did not occupy the premises during the period for which the rent is demanded is immaterial, unless it is further alleged that such non-occupation was the direct result of the fault or misconduct of the lessor.

2. ESTOPPEL BY CONTRACT.

In an action by an apparent corporation on a lease of its railway, to recover an installment of the rent reserved therein, the lessee is estopped to deny the lessor's corporate existence or power to make such contract.

3. PLEADING—CONTRADICTORY ALLEGATIONS.

When a denial of knowledge concerning a matter alleged in the complaint is followed by a direct averment necessarily implying such knowledge, either the denial may be stricken out as sham or the averment as redundant.

4. ESTOPPEL—JUDGMENT ON DEMURRER AN ESTOPPEL.

Judgment on a demurrer to a complaint is as conclusive and binding on the parties to the action, as to all matters well pleaded therein, as though it was given on a verdict on an issue arising on a denial of the allegations of the complaint; and if final judgment is given for the plaintiff on a demurrer to an

answer, such judgment is a conclusive determination between the parties of the questions involved in the defense made by such answer, and of the material matters stated in the complaint.

5. SAME—JUDGMENT—ESTOPPEL OF.

A judgment is an estoppel in an action between the parties thereto as to any fact or matter determined thereby.

6. SAME—ESTOPPEL BY JUDGMENT IN AN ACTION ON LEASE FOR RENT.

A covenant, in a lease of a railway for a number of years, to pay the rent reserved therein in semi-annual installments, is in the nature of a series of undertakings or obligations assumed or incurred at the same time and under the same circumstances, and a judgment in an action to recover any one of these installments of rent is conclusive of the validity of the lease, and the liability of the lessee thereunder, in any subsequent action thereon, as to any matter or defense that might have been made to the first action.

7. SAME—WRIT OF ERROR—EFFECT OF, ON JUDGMENT.

A writ of error from the supreme to the circuit court is not a proceeding under the state Code, but at common law, as modified by the Revised Statutes, and it does not have the effect, pending the proceeding, to suspend the operation of the judgment of the circuit court as a bar or an estoppel.

At Law.

*Earl C. Bronaugh*, for plaintiff.

*Charles B. Bellinger*, for defendant.

DEADY, J. These actions are brought by the plaintiff, a corporation alleged to have been formed in Great Britain under the companies act of 1862, against the defendant, a corporation formed under the Oregon corporation act of the same year. They are brought on the covenants in a lease alleged to have been executed on August 1, 1881, by which the former demised to the latter its railway in Oregon for the term of 96 years, upon a rental to be paid in advance, in semi-annual installments, of $68,131, on May 15th, and November 11th, together with the further sum, at the same times, of $1,459.95 for the purpose of paying the expense of keeping up the lessor's organization. The first three actions are brought to recover three several installments of rent falling due on November 11, 1884, May 15 and November 11, 1885, and the fourth one to recover the installment of the expense money falling due on November 11, 1885. The first two of the actions were commenced on March 18, 1885, and on November 7th there were amended complaints filed in each of them. The last two were commenced on November 28th, and they were all heard on December 30th and January 2d thereafter, on (1) motions to strike out parts of the answers as "sham, frivolous, irrelevant, immaterial, and redundant;" (2) demurrers to so much of the answers as denies the corporate existence of the plaintiff, and its right to have and exercise the powers and privileges claimed by it; and (3) demurrers to the second and third replies of former adjudications of certain matters between the same parties, in reply to certain defenses set up in the answers.

The answers in these cases are alike, except in the last two there is defense of a former adjudication set up in bar. They are all specimens of what may be called the conglomerate style of pleading, in

which denials and other matters, having no legal or logical connection with one another, are run together so as to form a continuous statement, instead of being pleaded separately as distinct defenses, in the manner required by section 72 of the Code. But the plaintiff, instead of moving to strike out the answers on this account, as it might, (Code, § 81,) has undertaken to purge them of sundry clauses and statements, and has demurred and replied to the remaining portions thereof, distinguishing them by their character.

The motions to strike out include 14 portions or clauses of the answers.

The first one is a denial of the allegation in the complaint that the plaintiff "is a citizen of Great Britain." The complaint alleges that the plaintiff is a foreign corporation, formed under the laws of Great Britain, and adds, "is a citizen of Great Britain." As there are no "citizens" of Great Britain, and as the allegation that the plaintiff is a foreign corporation, formed in and under the laws of Great Britain, is sufficient to show that it is, in contemplation of law, an alien, and therefore entitled to sue in this court, this allegation as to its citizenship is a meaningless and immaterial one, and so is the denial. The only proper response to it was a motion to strike out. Besides, matter in abatement, as that the plaintiff is not a corporation or citizen as alleged in the complaint, must be set up in a separate plea, and if pleaded with any other defense, is deemed waived. Circuit Court Rule 40; *Sheppard* v. *Graves,* 14 How. 509.

The second clause is an allegation that the plaintiff has not specified in his memorandum or articles of association the *termini* of the road it was incorporated to construct, lease, or operate in Oregon. This allegation is based on the assumption that subdivision 6 of section 4 of the Oregon corporation act, (Or. Laws, 525,) which provides that the articles of a corporation formed thereunder to construct a road shall specify the *termini* thereof, applies to a foreign corporation formed to construct a railway in Oregon. But the validity of the organization of a corporation is to be determined by the law of the place of its formation. In the exercise or assertion of its corporate power in Oregon, a foreign corporation may be required to conform to the law of the state concerning the conduct of corporations, but the sufficiency of its incorporation must be tested by the law of the place of its origin. And this is not all: By the act of October 20, 1880, (Sess. Laws, 56,) "the plaintiff was directly recognized as an existing corporation, lawfully engaged in the construction and operation of a railway in Oregon from 'Portland to the head of the Wallamet valley.'" The effect of this act is to establish the legal right of the plaintiff to construct and own the road in question, and, in my judgment, to dispose of the same. *Oregonian Ry. Co.* v. *Oregon R. & Nav. Co.* 10 Sawy. 481; S. C. 22 Fed. Rep. 245, and 23 Fed. Rep. 232.

The third clause is a denial of any knowledge whether the plaintiff's memorandum of association specifies the purpose of its incor-

poration as alleged in the complaint. This is moved against particularly as sham. But it does not appear to be false. On the contrary, there is no reason to doubt its truth. The defendant does not appear to have ever had any connection with this memorandum from which it could be inferred that the contents thereof are known to it. *Oregonian Ry. Co.* v. *Oregon R. & Nav. Co., supra.*

The eighth one is also a denial of knowledge whether the plaintiff's directors ever adopted a resolution authorizing the execution of said lease. It is also moved against as sham. But it does not appear to be false, and must be taken to be true for the same reason.

The fourth one is an allegation as to what the memorandum of association under the companies act of Great Britain is required to contain, without any averment that the plaintiff has not complied therewith in its formation, or any other application of the matter, and is therefore immaterial.

The fifth one is a denial of the defendant's power to lease or operate the plaintiff's road. This is a mere conclusion of law, and should have been alleged, if relied on, by a demurrer to the complaint. *Oregonian Ry. Co.* v. *Oregon R. & Nav. Co., supra.*

The sixth, seventh, and twelfth ones are allegations to the effect that the plaintiff's road has no near connection with the defendant's; that the capital stock of the latter was not contributed to operate leased roads; and that the lease in question was not ratified by its stockholders. These matters are immaterial and utterly frivolous. *Oregonian Ry. Co.* v. *Oregon R. & Nav. Co., supra.*

The ninth, tenth, and eleventh ones are clauses and phrases found in an allegation that the lease in question was executed by the president and assistant secretary of the defendant in pursuance of an invalid resolution passed by a minority of the directors without authority of law, to the effect that, while the defendant's principal office is at Portland, its president and assistant secretary signed and sealed said lease at New York. These clauses are omitted from the answers in the last two cases. They are clearly immaterial. It is well settled that while a corporation can have no legal existence beyond the boundaries of the state of its creation, yet it may act anywhere through its agents the same as a natural person, unless prohibited by law. *Bank* v. *Earle,* 13 Pet. 588; *Runyan* v. *Coster's Lessee,* 14 Pet. 129; *Galveston R. R. Co.* v. *Cowdrey,* 11 Wall. 476; *McCall* v. *Byran Manuf'g Co.,* 6 Conn. 436; *Bellows* v. *Todd,* 39 Iowa, 217; *Ohio & M. R. Co.* v. *McPherson,* 35 Mo. 25; Field, Corp. §§ 25, 254.

The thirteenth and fourteenth ones are statements to the effect that on May 15, 1884, the defendant offered to return the road to the plaintiff, but that the defendant retained possession of the same, under a stipulation with the plaintiff that such possession should not have the effect to prejudice either party, until November 5, 1884, when, in a suit brought in this court by the plaintiff, the defendant was enjoined, and required to operate the road until the further order

of the court, which it did until the appointment of a receiver in said suit on the motion of the plaintiff, who thereupon took possession of the property, and held it during the period for which the rent is sought to be recovered in this action. This is not an action to recover money for the use and occupation of the premises. It is brought on the covenant of the defendant contained in the lease to pay the specific amount therein reserved as rent. Therefore these allegations concerning the possession of the property are immaterial. They do not affect the obligation of the defendant to pay the rent according to its contract, unless it is further alleged that such non-occupation was the direct result of the fraud or misconduct of the lessor. *Oregonian Ry. Co.* v. *Oregon R. & Nav. Co., supra.* And so far as the possession of the receiver is concerned, it is for the benefit of whom it may concern, and, so far as appears, that is defendant.

All the clauses in the answer moved against except the third and eighth ones are immaterial. The matter contained in these comes within the purview of the demurrers to the answers.

The demurrers are taken to all those portions of the answers that controvert or deny the corporate existence and due organization of the plaintiff, or the powers, franchises, or ownership of the plaintiff, alleged in the complaints, for the reason "the defendant ought not to be allowed or heard to say that the plaintiff is not a corporation, or has no power to make the contract herein sued on, or to make any denials contrary to defendant's own acknowledgment and deed of August 1, 1881, as appears by the complaint herein, and admitted by the answer thereto."

These demurrers are well taken. *Oregonian Ry. Co.* v. *Oregon R. & Nav. Co. supra.* This question was well considered in that case, and I have nothing to add to the conclusion reached therein. As was then said:

"Where the law authorizes the formation and existence of the alleged corporation, with power to make the contract in question, then a party thereto ought not and cannot be heard, in an action thereon by such corporation, to deny its due formation or legal existence, with the power to make said contract."

On November 27, 1885, the plaintiff replied to so much of said answers as are not included in the demurrers thereto and the motion to strike out. After denying any knowledge of the invalidity of the meeting of the defendant's directors at which the execution of the lease was authorized, the replies, briefly stated, allege: (1) A ratification of the lease by the defendant with knowledge of all the facts, by entering upon and taking possession of the road thereunder, about August 1, 1881, and continuing in the same, and paying rent therefor, until May 15, 1884, wherefore the defendant ought not to be allowed or heard to deny the execution of said lease, or the binding obligation thereof; (2) that the defendant ought not to be allowed or heard to deny the execution by it of said lease, because on June 28,

1884, the plaintiff commenced an action against the defendant thereon, in this court, for the installment of rent falling due thereon on May 15, 1884, wherein, among other things, the due incorporation of the plaintiff, and its power and authority to construct and lease said road, as well as the due execution and validity of said lease; and the power and the authority of the plaintiff and defendant to execute the same, and perform the covenants therein contained, were put in issue and contested by a demurrer to the answer of the defendant therein, and by the judgment of this court thereon were determined in favor of the plaintiff, whereupon, on March 28, 1885, the defendant not making, or offering to make, any further answer or defense to the complaint, final judgment was given thereon for the plaintiff and against the defendant for the sum demanded thereon; (3) that the defendant ought not to be allowed or heard to deny the corporate existence of the plaintiff, or to deny the demise by the plaintiff to the defendant, or the due execution by each of them of said lease as alleged in the complaint, because on June 25, 1885, the plaintiff commenced another action thereon, in this court, against the defendant, to recover three semi-annual installments of the yearly sum of $2,919.90, which the defendant in and by said lease agreed to pay the plaintiff, to meet the expense of maintaining its organization, pending said lease, amounting in the aggregate to $4,379.85; wherein on July 29, 1885, on a demurrer to the complaint by the defendant, judgment was given against it for the amount claimed by the plaintiff; and (4) in the last two actions denies that on July 29, 1885, or other time, in any action then pending between the plaintiff and defendant for the same cause of action set forth herein, any judgment was given in favor of the former or against the latter for the sum of $4,028.32, or any other sum.

On November 28th the defendant moved to strike out the reply of ratification, and the two replies of prior adjudication, and also an averment following the denial therein of any knowledge of the alleged invalidity of the meeting of the defendant's directors at which the lease was authorized, to the effect that said meeting was duly called and held, and the resolution in question duly passed thereat. The effect of these two contradictory allegations as to this matter of the meeting in question is to make the denial a sham, or the averment redundant, as the party moving against them may elect. The motions to strike out were allowed as to the averment on the ground of redundancy, and denied as to the replies, for the reason that their sufficiency ought to be tested by demurrer. Thereupon, on January 2, 1886, the defendant demurred to the two replies of former adjudication, and the questions arising thereon were then argued by counsel and submitted. From these replies it appears that certain matters set up in the answers herein as a defense to these actions have been heretofore considered and determined in this court, in an action between these parties, on this lease, in favor of the plaintiff.

On a demurrer to a complaint every material matter well pleaded therein is confessed, and if judgment is given thereon, the same is as conclusive and binding on the parties to the action as though it was given on an issue arising on a denial of the allegations of the complaint; and if a final judgment is given for the plaintiff, on a demurrer to the answer, such judgment is a conclusive determination between the parties of the questions involved in the defense made by such answer, and of the truth of the material allegations in the complaint, and may be pleaded as an estoppel in any other action between them. *Gould* v. *Evansville, etc., R. Co.,* 91 U. S. 533; *Aurora* v. *West,* 7 Wall. 99; *Goodrich* v. *City,* 5 Wall. 573; Wells, Res. Adj. § 446.

In the first action mentioned in the reply it appears that the defendant answered the complaint, and alleged the invalidity of the lease for the reason, among others, that it had no power to execute the same; and on a demurrer to this answer final judgment was given for the plaintiff. In the second one, all the material facts relative to the incorporation of the plaintiff, and the execution of the lease by the plaintiff and the defendant, were admitted by a demurrer to the complaint, on which there was a final judgment in favor of the former.

A judgment in an action on a particular demand is an estoppel in an action between the same parties as to any fact or matter actually put in issue and determined or admitted in the prior action. *Davis* v. *Brown,* 94 U. S. 428; *Cromwell* v. *County of Sac,* Id. 353; *Russell* v. *Place,* Id. 608; *Beloit* v. *Morgan,* 7 Wall. 619; *Sharon* v. *Hill,* 26 Fed. Rep. 337.

*Beloit* v. *Morgan, supra,* is a good illustration of the rule, and a case on all fours with this. A judgment was given in an action on a bond against the maker thereof in favor of the plaintiff. The bond was one of a series issued at the same time; and in a subsequent action between the same parties, on another of these bonds, it was held that the judgment in the first action was conclusive, as to the validity of all of them. The court said, in substance, that all the objections made to the enforcement of the bonds in the second action might have been made in the first, and that "a party can no more split up defenses than indivisible demands, and present them by piecemeal in successive suits growing out of the same transaction."

In this lease there are, so to speak, a successive series of obligations or undertakings by the defendant to pay rent to the plaintiff every half year for a number of years, incurred or assumed at the same time and under the same circumstances. In the action brought to recover an earlier installment of this rent the defendant might have made any defense thereto involving the validity of the lease or its liability thereunder, and the question of the validity of the lease, and the liability of the defendant to pay the rent therein reserved, having been determined in favor of the plaintiff in that action, the

controversy is so far closed, and the defendant is estopped to set up any defense to a subsequent action for the recovery of any other of such installments of rent that existed and might have been made to the former action. On the argument it was suggested that the judgment in the first of the former actions had been taken to the supreme court on a writ of error, and therefore its operation, as a bar or an estoppel, is suspended. It is admitted that the writ of error has been taken as suggested; but even then it is not clear that the court can take notice of the fact on the demurrer to the replication. On the trial of the question made by the reply, the record of the former suit being introduced in support of the allegation therein, the fact that the judgment had been taken to the supreme court on error may be shown by way of confession and avoidance of the reply, if the effect of such a proceeding is to suspend the force and operation of the judgment, as claimed.

But considering, for the time being, that the admission of the plaintiff's counsel as to the writ of error is a part of the reply, the estoppel of the former judgment is not affected thereby. A writ of error does not suspend the operation of a judgment as a bar or an estoppel. It is not an appeal, which is so far a continuation of the original suit, but a proceeding in the nature of a new action to annul and set aside the judgment of the court below, which is not thereby vacated or affected pending the proceeding. *Railway Co.* v. *Twombly,* 100 U. S. 81; *Sharon* v. *Hill,* 26 Fed. Rep. 337; Freem. Judgm. § 328. A writ of error from the supreme court to this is not a proceeding under the Code, but the common law, as modified by the Revised Statutes. The declaration of the latter clause of section 505 of the Code that an action "is deemed pending from the commencement thereof until its final determination upon appeal," has no application to an action in this court,—at least after it has terminated in a judgment for either party. The proceeding for the review of such a judgment is had in the supreme court, and is not within the operation of section 914 of the Revised Statutes, conforming the practice in the circuit and district courts to that of the state courts. But it is also admitted that no writ of error has been taken to the judgment in the second action mentioned in the reply, and there is therefore no question that it is an estoppel as to all the material matters admitted by the demurrer to the complaint therein.

The motions to strike out portions of the answers are allowed, except as to the clauses numbered 3 and 8, and as to these they are disallowed. The demurrers to the answers, including the matter in said clauses 3 and 8, are allowed, and the demurrers to the replies are overruled.

This leaves the cases for trial on the questions of fact arising on the replies of ratification and prior adjudication to the answers of the defendant, the former being, by section 92 of the Code, "deemed controverted by the adverse party, as upon a direct denial of avoid-

ance, as the case may require," without any actual rejoinder thereto; and the issues made between the replies in numbers 1,120 and 1,143, to the defenses of former judgments in actions on the same cause of action.