[No. 19077.   In Bank.—October 10, 1893.]

ADELLA B. STORY, APPELLANT, *v.* THE STORY & ISHAM COMMERCIAL CO. ET AL., RESPONDENTS.

| 100 | 41 |
| 134 | 469 |
| 100 | 41 |
| 143 | 227 |

FORMER JUDGMENT—RES ADJUDICATA—PRIOR ACTION PENDING.—A judgment rendered in a prior action cannot be a bar to the prosecution of a subsequent action, so long as the time for appeal from the prior judgment has not expired, or it remains undetermined upon appeal.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion of the court.

*Luce & McDonald,* for Appellant.

*Works & Works,* and *M. S. Babcock,* for Respondents.

The COURT.—This action is closely connected with the action of *Story & Isham Commercial Company* v.

*Story et al.*, No. 19015, *ante*, p. 30, and was argued and submitted to the court at the same time. After the former action had been brought against the present plaintiff, she commenced the present action for the purpose, among others, of restraining the defendants from interfering with the property conveyed to her by the agreement, of which a copy is set forth in the opinion in that case, and to have the demands and choses in action that had been assigned to her thereby sold or collected under the direction of the court, and applied in payment of the indebtedness of the corporation to herself. The two actions were pending in different departments of the Superior Court in the county of San Diego, and the action in which the present appellant was defendant was tried first, and judgment therein rendered against her December 10, 1891. Thereafter the corporation defendant filed a supplemental answer herein, pleading the judgment in the other action as a bar to the plaintiff's right of recovery, and, upon the submission of the cause, December 23, 1891, the court made its finding to that effect, and rendered judgment in favor of the defendants. From that judgment the plaintiff has appealed.

The court erred in holding that the judgment rendered in the other action was a bar to the plaintiff's right of recovery for the moneys paid by her under the agreement. At the time that the court made its decision in the present case the other action was still pending (sec. 1049, Code Civ. Proc.), and while that action was so pending the judgment rendered therein could not be a bar to the prosecution of the present action. (*Naftzger* v. *Gregg*, 99 Cal. 83; *Estate of Blythe*, 99 Cal. 472.) The justice of this rule is apparent, in view of the fact that the judgment pleaded by the respondent, and determined by the court below to constitute a bar to the plaintiff's cause of action, has been reversed in this court.

The judgment is reversed.

Rehearing denied.