RANSOM v. CITY OF PIERRE.

(Circuit Court of Appeals, Eighth Circuit. April 16, 1900.)

No. 1,305.

1. RES JUDICATA—PLEADING FORMER JUDGMENT AS BAR—IDENTITY OF PARTIES.
An action by a bondholder of a city against the city treasurer in his official capacity for a mandamus to compel payment of interest coupons out of money in his hands already collected for that purpose is virtually an action against the city, and a judgment therein adjudging the coupons void may be pleaded in bar of a subsequent action brought by the plaintiff against the city by name to recover judgment on the same coupons.

2. SAME—EFFECT OF PENDENCY OF APPEAL.
When a case removed to an appellate court by a writ of error or an appeal is not there tried de novo, but the record made below is simply re-examined, and the judgment either reversed or affirmed, such an appeal or writ of error does not vacate the judgment below, or prevent it from being pleaded, and given in evidence, as an estoppel upon issues which were tried and determined, in the absence of a statute providing that it shall not be so used pending appeal. A supersedeas bond merely stays

process for enforcement of the judgment, and does **not** vacate the judgment, or change its effect as an estoppel.

**8. SAME—STATUTORY PROVISIONS.**

Comp. Laws Dak. 1887, § 5343, providing that "an action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment be sooner satisfied," was intended to apply only to the question of lis pendens, and it does not prevent a final judgment of one of the courts of the state of superior jurisdiction from being pleaded in bar of another suit between the same parties, and upon the same cause of action, during the pendency of an appeal therefrom. Sanborn, Circuit Judge, dissenting.

**4. APPEAL—DISPOSITION OF CAUSE—EFFECT OF CHANGE IN STATE OF FACTS.**

Where a judgment of a state court, which has been successfully pleaded in bar of another suit between the same parties in a circuit court of the United States, is reversed on appeal by the supreme court of the state during the pendency of proceedings to review the judgment of the circuit court on a writ of error from the circuit court of appeals, the latter court may properly depart from the ordinary rule which requires it to determine the cause upon the facts as shown by the record, and, upon being advised in an authentic manner of the action of the state court, may, in the exercise of its discretionary power, vacate the judgment below, although the record discloses no error, where such action will shorten litigation, and best subserve the ends of justice.

In Error to the Circuit Court of the United States for the District of South Dakota.

This case is before this court for decision upon the following facts and circumstances: The action is founded upon 500 coupons clipped from 100 bonds which were issued by the city of Pierre, S. D., on October 1, 1891, to refund its then outstanding indebtedness. One hundred of the coupons in suit matured October 1, 1895, and an equal number of the remainder on April 1, 1896, October 1, 1896, April 1, 1897, and October 1, 1897, respectively. On September 28, 1896, James J. Ransom, the plaintiff in error, who was also the plaintiff below, began an action by mandamus in the circuit court for the Sixth judicial circuit of the state of South Dakota against Corwin D. Mead. as city treasurer of the city of Pierre, to compel him to apply the sum of $8,431.10, then in his hands as city treasurer, to the payment of those of the aforesaid coupons which matured October 1, 1895, and April 1, 1896, being those that were then overdue. This money in the treasurer's hands had been collected, as it seems, by taxation to pay said coupons. The treasurer, in his official capacity, pleaded to the information for the writ that the coupons which he was asked to pay were void for the reason that the bonds from which they had been detached had been issued by the city of Pierre without authority of law, at a time when its indebtedness exceeded the amount of indebtedness that it was authorized to contract under the constitution of the state, and that said coupons and the bonds from which they were detached were for that reason utterly void. There was a trial upon the issues so tendered in the mandamus proceeding, and a finding by the court that the coupons were illegal and void, as alleged, and a judgment that the mandamus proceedings be dismissed at the plaintiff's cost. From this judgment, rendered on June 29, 1897, Ransom, the plaintiff in error, perfected an appeal to the supreme court of South Dakota on September 24, 1897, giving a supersedeas bond. The suit at bar was commenced in the circuit court of the United States for the Southern division of the district of South Dakota on February 23, 1898, while the appeal in the before-mentioned suit was pending and undetermined. In its answer to the suit at bar the city of Pierre pleaded, among other defenses, the judgment theretofore rendered in favor of its city treasurer on June 27, 1887, by the circuit court for the Sixth judicial circuit of the state of South Dakota, as a bar to a recovery. This defense was sustained by the trial court, and a judgment was accordingly rendered dismissing the complaint. The plaintiff below thereupon removed the record to this court by a writ of error. When the

trial in the case at bar took place, the mandamus proceeding above mentioned was still pending and undetermined in the supreme court of South Dakota, and it was so pending and undetermined when the case was argued in this court.

Robert W. Stewart (Henry R. Horner, on the brief), for plaintiff in error.

Ivan W. Goodner, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

This cause having been decided below in favor of the defendant city on the ground that the judgment of the circuit court for the Sixth judicial circuit of the state of South Dakota in the mandamus suit brought by James J. Ransom, the present plaintiff in error, against Corwin D. Mead, the city treasurer of the city of Pierre, conclusively established that the coupons in suit were issued without authority of law, and were, therefore, void, the principal question that was discussed on the argument was whether the judgment of the state court in the mandamus suit could be pleaded and received in evidence in the present action as a former adjudication. It is true that counsel for the city endeavored to support the judgment below on the additional ground that the coupons in suit must be regarded as void irrespective of the former adjudication, because at the time the bonds were issued the city had already exceeded the limit of valid indebtedness; but the trial court overruled the latter contention, and its action in that respect was strictly in accordance with two decisions of this court where the various points urged by the city in support of the latter defense were fully considered and decided adversely to its contention. Board of Education of City of Huron v. National Life Ins. Co., 36 C. C. A. 278, 94 Fed. 324; City of Huron v. Second Ward Sav. Bank, 57 U. S. App. 593, 30 C. C. A. 38, 86 Fed. 272. We discover no reasons for altering in any respect the views heretofore expressed by this court in the cases last cited, and accordingly agree with the learned trial judge that but for the rendition of the judgment in the mandamus proceeding the plaintiff would have been entitled to a verdict for the full amount of the coupons in suit. Since this case was argued, and while it has been under advisement, the supreme court of South Dakota has decided the mandamus case against the city treasurer of the city of Pierre, and we have been furnished with a certified copy of its decision, which was promulgated on March 2, 1900, but is not as yet officially reported. Insurance Co. v. Mead, 82 N. W. 78. An examination of that decision, which contains a careful review of all the questions involved in the controversy between the city and the bondholder, shows that the supreme court of the state has decided the following propositions: First, that the city of Pierre, under its charter, did have the power to issue bonds for the purpose of funding its outstanding indebtedness, which appears to have been one of the mooted points in the mandamus suit; second, that, although the territorial limits of the city of Pierre and the school district embracing the city were coextensive, yet the debts of the latter cannot be added to those

of the former for the purpose of ascertaining if the city indebtedness exceeded the legal limit,—the two corporations, the city and the school district, being separate legal entities; third, that the bonds issued being for the sum of $150,000, and 5 per cent. of the assessed value of city property being $161,144.40, the bonds did not show on their face that the debt occasioned thereby would exceed the legal limit of city indebtedness; fourth, that the issuance of bonds for the purpose of taking up and retiring an outstanding indebtedness does not in the state of South Dakota create a new or additional debt, within the meaning of the statutory or constitutional inhibitions of that state against creating an indebtedness in excess of 5 per cent. of the assessed valuation of municipal property, and that this is true whether such bonds be exchanged directly for outstanding obligations, or whether the bonds be sold, and the proceeds used to retire such obligations; and, lastly, that upon the facts disclosed by the record before the supreme court of the state the bonds in controversy were valid obligations of the city. The judgment of the circuit court of the state in the mandamus suit was accordingly reversed, and a new trial ordered.

On the argument of this cause it was urged on behalf of the plaintiff in error that the trial court erred in holding that the judgment in the mandamus proceeding was conclusive as respects the validity of the bonds in controversy—First, because section 5343 of the Compiled Laws of Dakota of 1887 declares that "an action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment be sooner satisfied"; and, second, because the parties to the mandamus suit and the subject-matter of that suit were not the same as in the case at bar. The majority of the members of this court entertain the view, however, that neither of these propositions is tenable. Concerning the second of these contentions, it may be said that, while the mandamus suit was brought against the city treasurer, and not against the city by name, yet that officer was sued in his official capacity, and not as an individual. He did not defend the action for his personal benefit, but in right of the city, and, as custodian of its funds, to protect them against an illegal demand. The city permitted him to so defend, and the defense was doubtless made at the city's expense. In that proceeding the city of Pierre was in reality challenging the validity of the bonds now in controversy in the name of its treasurer, and for its own benefit and advantage. If that suit had resulted differently, the city would not have been heard to say that it was not bound by the judgment, because it was not sued in its corporate name, but in the name of one of its officers. The record also shows that the defenses interposed, litigated, and decided in that proceeding were identically the same as those which were interposed and litigated in the case at bar, except the issue tendered by the plea of a former adjudication. Under these circumstances the last-mentioned plea was well made, and was sustained by the record made in the mandamus suit, which was introduced in evidence. Holt Co. v. National Life Ins. Co., 25 C. C. A. 469, 80 Fed. 686; Scotland Co. v. Hill, 112 U. S. 183, 5 Sup. Ct. 93, 28 L. Ed. 692;

In re Ayers, 123 U. S. 443, 8 Sup. Ct. 164, 31 L. Ed. 216; Harmon v. Auditor, 123 Ill. 122, 13 N. E. 161; 1 Herm. Estop. p. 166.

The first contention of the plaintiff in error, stated above, presents a question of greater difficulty. In many cases the question has been mooted whether, when a writ of error has been sued out, or when an appeal has been taken which operates essentially as a writ of error, to review a judgment at nisi prius, and a supersedeas bond has been given to stay proceedings, such a judgment may be received in evidence in another suit between the same parties in support of the plea of res judicata; and, while the decisions upon this question have not been uniform, yet, in our judgment, the weight of judicial opinion, as well as sound reason, is that, when a case which is removed to an appellate court by a writ of error or an appeal is not there tried de novo, but the record made below is simply re-examined, and the judgment either reversed or affirmed, such an appeal or writ of error does not vacate the judgment below, or prevent it from being pleaded and given in evidence as an estoppel upon issues which were tried and determined, unless some local statute provides that it shall not be so used pending the appeal. A supersedeas bond merely operates to stay an execution or other final process on the judgment. It does not vacate the judgment, nor prevent either party thereto from invoking it as an estoppel. Railway Co. v. Twombly, 100 U. S. 78, 81, 25 L. Ed. 550; Willard v. Ostrander, 51 Kan. 481, 32 Pac. 1092; Parkhurst v. Berdell, 110 N. Y. 386, 392, 18 N. E. 123; Scheible v. Slagle, 89 Ind. 328; Faber v. Hovey, 117 Mass. 107; Thompson v. Griffin, 69 Tex. 139, 6 S. W. 410; Moore v. Williams, 132 Ill. 589, 24 N. E. 619; Bank v. Wheeler, 28 Conn. 433; Oregonian Ry. Co. v. Oregon Railway & Navigation Co. (C. C.) 27 Fed. 277, 284; Cloud v. Wiley, 29 Ark. 80; Cain v. Williams, 16 Nev. 429; Freem. Judgm. § 328; Elliott, App. Proc. § 544, and citations.

It is insisted, however, as before stated, that the statute of South Dakota quoted above was intended to prevent a judgment from being pleaded as an estoppel during the pendency of an appeal, and that view of the effect of the statute is supported by certain California decisions, in which state a similar statute has been enacted. Naftzger v. Gregg, 99 Cal. 83, 33 Pac. 758; In re Blythe, 99 Cal. 472, 34 Pac. 108; Story v. Commercial Co., 100 Cal. 41, 34 Pac. 675. On the other hand, in the state of Oregon, where substantially the same statute is in force, it is held that the statute was not designed to prevent a judgment from being pleaded in bar of another suit on the same cause of action during the pendency of an appeal from the judgment. Day v. Holland, 15 Or. 464, 468, 469, 15 Pac. 855. The statute now under consideration was enacted in the Dakotas before it was enacted in California, so that it cannot be said that the California doctrine became the law of the territory of Dakota by adoption. The decisions in California and Oregon are merely persuasive authority. While the supreme court of the state of South Dakota has never as yet placed an authoritative construction upon the statute in a case where a judgment that had been obtained in a civil action was pleaded in bar to another suit between the same parties during the pendency of an appeal from the judgment, yet it has held, notwithstanding the

statute in question, that a judgment in a criminal case may be given in evidence in another case as conclusive evidence of a conviction for a crime, during the pendency of an appeal from the judgment. In re Kirby, 10 S. D. 322, 330, 331, 73 N. W. 92.

In this state of the authorities and upon an independent consideration of the question we have reached the conclusion that the Dakota statute to which the discussion relates was not intended to prevent a final judgment of one of its courts of superior jurisdiction from being pleaded in bar to another suit between the same parties and upon the same cause of action during the pendency of an appeal therefrom, but that its purpose was to affect purchasers of property which is in litigation with notice of the litigation until the litigation is ended. It is well known that courts have at times disagreed as to whether one who purchases property which is in litigation intermediate a judgment at nisi prius and the expiration of the time limited for suing out a writ of error or taking an appeal should be regarded as a bona fide purchaser, or as affected with notice by lis pendens if an appeal is subsequently taken. Some courts have answered this question in the affirmative, others in the negative. Rector v. Fitzgerald, 19 U. S. App. 423, 427, 428, 8 C. C. A. 257, 59 Fed. 808, 810, 811; Taylor's Lessee v. Boyd, 3 Ohio, 337, 352; Eldridge v. Walker, 80 Ill. 270; Macklin v. Allenberg, 100 Mo. 337, 13 S. W. 350; Pierce v. Stinde, 11 Mo. App. 364; McCormick v. McClure, 6 Blackf. 466; Debell v. Foxworthy's Heirs, 9 B. Mon. 228; Harle v. Langdon's Heirs, 60 Tex. 555, 562; Marks v. Cowles, 61 Ala. 299. We accordingly incline to the view that the statute was intended to settle this debatable point in South Dakota by saying, in effect, that one who purchases property after a judgment, but prior to the expiration of the time limited for an appeal, shall be deemed a purchaser pendente lite. In the absence of the statute aforesaid, the suing out of a writ of error or the taking of an appeal might be regarded as the institution of a new suit, and as having no effect on a title acquired before an appeal was taken. In our judgment, the statute was not designed to have any other force and effect than that last stated. It can hardly be supposed that it was intended to encourage litigants to bring repeated suits to settle the same controversy, and it ought not to be given an erroneous interpretation because by so doing the ends of justice would perhaps be subserved in the present instance.

In view, however, of the recent decision by the supreme court of South Dakota, the substance of which has been heretofore stated, the question to be decided at this time is not in all respects the same as the one which was discussed on the trial below and at the hearing in this court. Assuming, in view of what has already been said, that the judgment in the mandamus suit was pleadable in bar, and determinative of the plaintiff's rights in the case now in hand so long as that judgment was unreversed, we are nevertheless confronted with the inquiry whether it should be given that effect when it is shown by a duly-certified copy of the opinion of the supreme court of South Dakota that the judgment in question has been vacated and annulled for error. As a general proposition, it is doubtless true that

an appellate court is required to determine whether a judgment which is challenged by a writ of error is erroneous upon the facts disclosed by the record, and upon the facts as they existed when the judgment was rendered. But, inasmuch as all rules of procedure are intended ·to secure the administration of justice in an orderly manner, it does not seem reasonable that a rule of procedure should be observed when it is apparent that a strict adherence thereto will work injustice. When an appellate court has the power to vacate a judgment rendered· by a nisi prius court, over whose proceedings it exercises supervision and control, and its attention is called in an authentic manner to something that has transpired since the trial, which renders it inequitable to permit the judgment to· be carried into effect, we think that it may lawfully exercise its power to annul the judgment and remit the record to the lower court for such further proceedings as may be necessary. It is essential, of course, that there should be a general observance of rules of procedure, but compliance with a particular rule ought not to be required when a literal compliance therewith would defeat, rather than promote, the ends of justice. As a general proposition, the rights of the parties to a suit are to be determined upon the facts as they exist when the action is commenced, or at least when the issues have been formulated by pleadings. Nevertheless, the common law has always permitted a defendant to take advantage of a defense growing out of what subsequently transpires by a plea puis darrein continuance. Andrews, Steph. Pl. § 77; Chit. Pl. (16th Am. Ed.) pp. 689, 690. In the state of New York, where the doctrine prevails that the taking of an appeal from a judgment does not prevent the judgment from being pleaded in bar to another action between the same parties, it is held that if, after a judgment has been successfully pleaded in the second suit, it is reversed on appeal, the judgment in the second action may be set aside by the trial court for that reason, although no error was committed on the trial. Parkhurst v. Berdell, 110 N. Y. 386, 392, 18 N. E. 123. In the case of Humphreys v. Leggett, 9 How. 296, 311, 13 L. Ed. 145 (see, also, Leggett v. Humphreys, 21 How. 66, 71, 16 L. Ed. 50), the facts appear to have been that, while a writ of error was pending in the supreme court of the United States to reverse a judgment in favor of a surety on a sheriff's bond, the whole penalty of the bond was collected of the surety under a judgment regularly obtained in a state court. The supreme court of the United States reversed the judgment in favor of the surety, and sent down its mandate directing the entry of a judgment against the surety for a specified sum. The surety thereupon pleaded puis darrein continuance the payment of the full penalty of the bond in obedience to the judgment of the state court, but the trial court disallowed the plea, and entered judgment according to the mandate. The surety then filed a bill to restrain the enforcement of the latter judgment, and it was held that he was entitled to the relief prayed for, inasmuch as the surety had been guilty of no laches, and it would be inequitable to permit an amount in excess of the penalty of the bond to be collected from him. Under the doctrine enunciated in that case it would seem that, if this court

should affirm the judgment below on the ground that it cannot take cognizance of the recent decision of the supreme court of the state of South Dakota, equitable relief might be afforded against the judgment. But, even if such relief might be obtained, why should this court affirm the judgment, and compel the institution of a new suit, when it is advised in an authentic manner that the judgment which served to prevent the plaintiff from recovering below was an erroneous judgment, and that the same has been finally vacated and annulled? The trial court could have granted a new trial because of the reversal of the judgment, although its record disclosed no error, and it seems reasonable that this court should exercise a similar discretionary power so long as it retains control over the judgment, and a fact has been brought to its attention concerning which there can be no dispute. We cannot say that the existing complications are due to any fault or laches of the plaintiff in error. When he brought the present action he was doubtless advised by counsel that the judgment in the mandamus case could not be pleaded in bar, in view of the appeal therefrom and the provisions of the Dakota statute. The construction that had been placed on that statute by the courts of California gave great weight to this view, and, while we are constrained to hold that the view was erroneous, yet we are not prepared to decide that the plaintiff should be compelled to sustain a great loss because he has been guilty of no other fault than the bringing of an action based upon a mistaken view of the law. The trial court might have continued the case in hand of its own motion until the mandamus case was decided, and we think that such action ought to have been taken. That course, however, was not pursued, and it is the duty of this court, which still retains control of the judgment, to take such action as will shorten litigation, preserve the rights of both parties, and best subserve the ends of justice. In view of what has been said, we conclude that we have the power and that it is our duty to reverse the judgment below, and remand the cause for a new trial. The judgment in the mandamus case has been reversed, and the cause remanded for a new trial, and, if this court makes a similar order, it will be optional with the plaintiff to prosecute either one of the suits and dismiss the other, and by so doing avoid further complications growing out of the pendency of suits upon the same cause of action in two courts of co-ordinate jurisdiction. The judgment below is therefore reversed, and the cause remanded for a new trial.

SANBORN, Circuit Judge. I concur in the result in this case on the ground that under section 5343 of the Compiled Laws of Dakota of 1887, which declares that "an action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment be sooner satisfied," the judgment in the mandamus suit which was pending upon appeal in the supreme court of the state of Dakota when this suit was tried was not then res adjudicata, and upon the merits the judgment below ought to be reversed. Sharon v. Terry (C. C.) 36 Fed. 346; In re Blythe's Estate, 99 Cal. 472, 475,

34 Pac. 108; Harris v. Barnhart, 97 Cal. 546, 34 Pac. 589; Naftzger v. Gregg, 99 Cal. 83, 33 Pac. 758; Story v. Commercial Co., 100 Cal. 41, 34 Pac. 675; Fresno Milling Co. v. Fresno Canal & Irrigation Co. (Cal.) 36 Pac. 412.