A.) 66 F.(2d) 71. Particularly is it not such proof when it is considered that the disability was not even as disabling as the complete loss of a leg would be, and there is abundant proof that there were many things which a person no more disabled than plaintiff is could gainfully do. O'Quinn v. United States (C. C. A.) 70 F.(2d) 599; United States v. Vineyard (C. C. A.) 71 F.(2d) 624; United States v. Pleas Jones (C. C. A.) 73 F.(2d) 376; Lumbra v. United States, 290 U. S. 551, 54 S. Ct. 272, 78 L. Ed. 492.

The judgment is reversed.

cuit Court of Appeals for the Second Circuit, there is nothing on which the decree before us can stand. In this situation the proper course is for us to reverse the decree appealed from and remand the case for further proceedings. Butler v. Eaton, 141 U. S. 240, 11 S. Ct. 985, 35 L. Ed. 713; Ransom v. City of Pierre (C. C. A.) 101 F. 665, 670; Du Pont de Nemours & Co. v. Richmond Guano Co. (C. C. A.) 297 F. 580. See Deposit Bank v. Board of Councilmen of Frankfort, 191 U. S. 499, 24 S. Ct. 154, 48 L. Ed. 276.

The decree of the District Court is reversed, with costs to the appellant, and the case is remanded to that court for further proceedings.

## SPRAGUE SPECIALTIES CO. v. MERSHON et al.

### No. 2880.

Circuit Court of Appeals, First Circuit.
Nov. 10, 1934.

## CAHN v. ÆTNA LIFE INS. CO.

### No. 5254.

Circuit Court of Appeals, Seventh Circuit.
Nov. 9, 1934.

Vernon M. Dorsey, of Washington, D. C. (William J. Nolan, of Boston, Mass., and Frank C. Cole, of New York City, on the brief), for appellant.

C. Blake Townsend, of New York City (Odin Roberts and Roberts, Cushman & Woodberry, all of Boston, Mass., and Drury W. Cooper, of New York City, on the brief), for appellees.

Before WILSON and MORTON, Circuit Judges, and MORRIS, District Judge.

PER CURIAM.

The decree appealed from rested solely on the decree in the New York case, Mershon v. O'Neill (D. C.) 3 F. Supp. 26. As that decree has now been reversed by the Cir-