## ILLINOIS CENT. R. CO., Inc.
### v.
## OLBERDING.
### No. 10876.

United States Court of Appeals
Seventh Circuit.
June 15, 1954.

William C. Welborn, Milford M. Miller and William L. Mitchell, Evansville, Ind., for appellant.

H. J. Deany, Chicago, Ill., John T. Hays, Sullivan, Ind., Frederick P. Bamberger, Evansville, Ind., for appellee.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiff originally instituted suit against the defendants in the United States District Court for the Western District of Kentucky and recovered judgment for $37,500. Defendants appealed but asked for no supersedeas. The judgment was affirmed by the Court of Appeals, 201 F.2d 582; thereupon review followed in the Supreme Court, which, on November 9, 1953, in Olberding v. Illinois Central R. Co., 346 U.S. 338, 74 S.Ct. 83, reversed the judgment.

In the meantime and while the original cause was pending on appeal, plaintiff instituted a suit against the same defendants in the United States District Court for the Southern District of Indiana, seeking to recover in that District upon the judgment previously rendered in the Kentucky District. The trial court held that, inasmuch as the judgment upon which suit was brought had not been reversed but remained in full force and effect, it constituted legal evidence upon which the court was required to enter judgment in favor of plaintiff. From that judgment defendants now appeal.

After the present appeal had been perfected and during its pendency, reversal of the Kentucky judgment as related above occurred. Thereupon defendants moved for summary judgment of reversal in this court on the ground that, inasmuch as the basis for the judgment had, by decision of the Supreme Court, been eliminated, this court should recognize that fact and reverse. Both the appeal and the motion were presented at the final hearing.

By virtue of our judicial knowledge, we must take cognizance of the Supreme Court's reversal of the original judgment. Consequently our question is as to our proper disposition of the controversy. Plaintiff insists that, inasmuch as the Kentucky judgment had not been reversed at the time the present judgment was entered, the trial court properly entered judgment in this cause, and that this court can not reverse because there was no error in the judgment at the time it was entered. Defendants on the other hand insist that we have the power to reverse, even though no error occurred at the time of the trial.

In Reed v. Allen, 286 U.S. 191, at page 199, 52 S.Ct. 532, at page 533, 76 L.Ed. 1054, the court said: "The rule has been settled for this court that, where a judgment in one case has successfully been made the basis for a judgment in a second case, the second judgment will stand as *res judicata*, although the first judgment be subsequently reversed." However, the opinion does not cover a situation such as the one confronting us. There it had been decreed that certain moneys were the property of certain specified claimants. On appeal this decree was reversed. In the meantime, however, and before the appeal had been determined, the winning party had filed an ejectment suit to recover possession of certain real estate emanating from the same source as the money involved in the first suit. The ejectment suit resulted in a judgment in favor of the winning party in the first suit, and from it the defendants took no appeal, so that it became final. After the first decree had been reversed, the party prevailing in that reversal filed a second ejectment suit to recover possession of the land which had been awarded the opposing claimant in the first ejectment action and, by way of estoppel, the defendants in the second suit pleaded the final judgment in the first ejectment action against plaintiff and obtained judgment of dismissal. Plaintiff's theory was that the

decree for the payment of the money, which involved the same title, having been reversed, the judgment in the first ejectment suit had become a nullity. The Court of Appeals reversed, so that when the case reached the Supreme Court the specific question was whether the first ejectment suit, which remained in full force and effect, barred the prosecution of the second ejectment suit. The Supreme Court held that, inasmuch as the judgment in the first suit had not been reviewed but remained in full force and effect, the fact that it was based on an erroneous decree in the original money suit, constituted no bar to its admission in evidence as an estoppel.

That case differs from the present one in that there there remained outstanding an unreversed judgment which, as between the parties thereto, was a final adjudication. Here there is no reliance upon such a judgment but rather reliance upon one which has been reversed. In that respect, obviously, the two cases are controlled by different rules and, though the Supreme Court announced that the fact that an original judgment upon which a second judgment is based has been reversed does not of itself invalidate the second judgment, a large part of the language of the opinion is *obiter dictum* upon the specific question here presented. Our inquiry is merely whether, when a judgment in the first suit is the basis for another in the second suit, entered pending appeal from the first, the reversal of the first necessitates reversal of the second. Clearly the action of the trial court here, in the second case, was based upon a judgment which at that time was still in full force and effect. Therefore, the judgment was proper when entered; but a further question arises, viz., when it is brought to our attention that the first judgment has been reversed since the judgment on appeal was entered, can we, having this knowledge, reverse a judgment which was valid when entered, in view of the further fact that the judgment upon which it is based has become void? The court did not err when it entered the judgment but entered a correct judgment. May we merely remand the cause to the District Court with directions to consider further, in view of the supplemental showing, what judgment should now be entered or must we either reverse or affirm? These are questions largely procedural of course, for, clearly, a judgment based upon another one which has been reversed ought not to prevail.

Our path, we think, is clearly defined in announcements of the Supreme Court and the Courts of Appeal. Thus, in Butler v. Eaton, 141 U.S. 240 at pages 242–244, 11 S.Ct. 985, 986, 35 L.Ed. 713, after commenting that the evidence of a judgment had been properly admitted as a bar to a receiver's title to recover, the court declared that it could not be said, therefore, "looking to the record in this case alone, that there is error in the judgment now before us. But, by our own judgment just rendered in the other case, the whole basis and foundation of the defense in the present case, namely, the judgment of the supreme judicial court of Massachusetts, is subverted and rendered null and void for the purpose of any such defense. * * * when it was given in evidence in this case it was effective for the purpose of a defense, but its effectiveness in that regard is now entirely annulled. Are we, then, bound to affirm the judgment, and send it back for ulterior proceedings in the court below, or may we, having the judgment before us, and under our control for affirmance, reversal, or modification, and having judicial knowledge of the total present insufficiency of the ground which supports it, set it aside as devoid of any legal basis, and give such judgment in the case as would and ought to be rendered upon a writ of error *coram vobis, audita querela,* or other proper proceedings for revoking a judgment which has become invalid from some extraneous matter? In the case of Ballard v. Searls, 130 U.S. 50, 9 S.Ct. 418 [32 L.Ed. 846], which was an appeal in equity in which a somewhat similar exigency existed, we remanded the cause to the circuit court with instructions to allow

the appellant to file such supplemental bill as he might be advised, * * * for the purpose of suspending or avoiding the decree upon the new matter arising from the reversal of the decree on which it was based. There were complications in that case which rendered such a course advisable. * * * The present case is a more simple one. * * * It is apparent from an inspection of the record that the whole foundation of that part of the judgment which is in favor of the defendant is, to our judicial knowledge, without any validity, force, or effect, and ought never to have existed. Why, then, should not we reverse the judgment which we know of record has become erroneous, and save the parties the delay and expense of taking ulterior proceedings in the court below to effect the same object?" Thereupon the court reversed and ordered the cause remanded with directions to enter judgment against defendant and to "take such further proceedings as may be proper in conformity with this opinion."

In E. I. DuPont De Nemours & Co. v. Richmond Guano Co., 4 Cir., 297 F. 580, the court held that where, pending review by an appellate court of a judgment which correctly sustained a plea of res judicata, the judgment which was the basis of such plea has been reversed by the same appellate court, that court will take cognizance of its own action, and, considering the changes in fact and in law which have supervened, will reverse the judgment though finding no error therein. The court said, 297 F. at page 585, "It follows that, notwithstanding the correct decision of the trial court in the case at bar, it must be remanded for a new trial. * * * The judgment of this court therefore is that the judgment rendered by the District Court of the United States for the Eastern District of Virginia be reversed; that the case be remanded for a new trial, and that the plaintiff in error pay the costs of this writ of error."

In Whitaker v. Coleman, 5 Cir., 115 F. 2d 305, at page 307, the court stated: "Nor does appellee stand any better on its position that though the judgment in the declaratory suit must be reversed, the judgment in the damage suit must be affirmed because when it was entered, the judgment in the declaratory suit stood unappealed and unreversed and, pleaded as res judicata, it entitled appellee to a judgment in the second suit. * * * [I]t is settled law that when it is brought to the attention of the appellate court on the appeal of the second judgment that the first judgment has been reversed, that court will reverse the second judgment. * * * The judgments on both appeals are reversed and the causes are remanded for further and not inconsistent proceedings."

In Sprague Specialities Co. v. Mershon, 1 Cir., 73 F.2d 379, certiorari denied 304 U.S. 561, 58 S.Ct. 943, 82 L.Ed. 1528, the court said: "The decree appealed from rested solely on the decree in the New York case, Mershon v. O'Neill, D.C., 3 F.Supp. 26. As that decree has now been reversed by the Circuit Court of Appeals for the Second Circuit, there is nothing on which the decree before us can stand. In this situation the proper course is for us to reverse the decree appealed from and remand the case for further proceedings. (Citing cases.) The decree of the District Court is reversed, with costs to the appellant, and the case is remanded to that court for further proceedings."

In Walz v. Agricultural Ins. Co., D.C., 282 F. 646, at page 649, the court's language is: "While the mere pendency of proceedings to review the former judgment would not affect the admissibility or effect of the latter as the basis of the estoppel claimed * * * yet its subsequent vacation by the court rendering it, or its reversal by an appellate court, would render it nugatory and valueless for the purpose now under consideration, and would subject any other judgment based thereon to similar vacation or reversal." (Citing cases.)

In view of our extensive quotation from other courts and our approval of the reasoning of their opinions, we think further comment unnecessary. We con-

clude that since we know by force of judicial knowledge that the Supreme Court has reversed the judgment upon which the one in this case was based, we must set aside the latter, even though the trial was free of error. Consequently we reverse the judgment and remand the cause for a new trial or such other proceedings, if any, as may be proper in view of our announcements in this opinion.