## BALLARD v. SEARLS.

ORIGINAL MOTION IN A CAUSE BROUGHT HERE ON APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MICHIGAN.

No. 144. November 26, 1888, Submitted. — December 3, 1888, Postponed until hearing on the merits. — December 20, 1888, Resubmitted. — Decided March 5, 1889.

Searls, the appellee, filed a bill in the Circuit Court of the United States for the Eastern District of Michigan against Worden for infringement of letters patent. After hearing, a decree was entered in that case in his favor for the recovery of $24,960.31 damages and costs. Worden appealed to this court, but gave no supersedeas bond. Thereupon execution issued on the decree, which was levied on certain lots, the property of Ballard the appellant. Searls then filed his bill in the Circuit Court in aid of the execution, praying to have a conveyance by Worden to Ballard of the lots levied upon set aside, as made to defraud Worden's creditors. On the final hearing of that case the conveyance was set aside as fraudulent, from which Ballard took this appeal. Meanwhile Worden's appeal in the patent suit was reached on the docket in this court, and, after hearing, the judgment below was reversed, and the cause was remanded to the

Opinion of the Court.

Circuit Court, with directions to dismiss the bill. See 121 U. S. 14. Thereupon Ballard moved in this case, on the records in the two cases, and on affidavits, to reverse the decree of the court below, and to remand this cause to the Circuit Court, with direction to dismiss the bill. *Held,* that if such a course could properly be taken in any case, it would be improper to take it in this case; but that, as the appellant might be subjected to great injustice if the cause should go to hearing on the appeal in the present condition of the record, the cause should be remanded with instructions to the Circuit Court to allow the defendant below to file such supplemental bill as he might be advised, in the nature of a bill of review, or for the purpose of suspending or avoiding the decree, upon the new matter arising from the reversal of the former decree in *Worden* v. *Searls.*

THIS was a motion to remand the cause with directions to the Circuit Court to dismiss the bill. The case is stated in the opinion.

*Mr. Charles J. Hunt,* for the motion, cited: *Messmore* v. *Haggard,* 46 Michigan, 558; *Dakota County* v. *Glidden,* 113 U. S. 222; *Smith* v. *United States,* 94 U. S. 97; *Cheong Ah Moy* v. *United States,* 113 U. S. 216; *San Mateo County* v. *Southern Pacific Railroad,* 116 U. S. 138; *Lord* v. *Veazey,* 8 How. 251; *Harrison* v. *Nixon,* 9 Pet. 483; *Waples* v. *United States,* 110 U. S. 630; *Smith* v. *McCann,* 24 How. 398.

*Mr. A. G. N. Vermilya,* opposing, cited: *Wood* v. *Jackson,* 8 Wend. 1; *S. C.* 22 Am. Dec. 603; *Manning's Case,* 8 Rep. 187, 192; *Eyre* v. *Woodfine,* Cro. Eliz. 278; *Jackson* v. *Cadwell,* 1 Cowen, 622; *Woodcock* v. *Bennet,* 1 Cowen, 711; *S. C.* 13 Am. Dec. 568.

MR. JUSTICE BRADLEY delivered the opinion of the court.

The appellant has made a motion that the decree appealed from in this case, so far as it affects the said appellant, be reversed, and that the cause may be remanded to the Circuit Court with direction to dismiss the bill. This motion proposes that the decree be reversed without argument of the cause in view of extrinsic facts, which are made to appear by the records of this court and of the Circuit Court, and by affidavits. If such a course can be properly taken in any case, we think

it would be improper in the present, since the decree may be perfectly correct and free from objection on the facts of the case as they appear upon the record, and it is possible to be correct, notwithstanding the facts alleged by the appellant. These facts, however, are of such a .character that the appellant may be subjected to great injustice if the cause should go to hearing on the appeal in the present condition of the record ; and, as they have occurred since the appeal was taken, there seems to be no mode of affording relief to the appellant except by sending the cause back to the Circuit Court for the purpose of allowing supplementary proceedings to be had in that court.

The facts as stated by the appellant, and not denied by the appellee, are as follows:

" On the 12th day of July, 1880, Anson Searls, the appellee in this cause, filed in the Circuit Court of the United States for the Eastern District of Michigan his bill of complaint against Alva Worden and John S. Worden, for the infringement of a patent, and such proceedings were had in the cause that on the 5th day of September, 1883, a decree was entered in said cause in said Circuit Court, whereby it was decreed that the said Alva Worden and John S. Worden infringed the patent, and should pay over to the said Anson Searls $24,960.31.

" That upon the entry of said decree the defendants appealed the case to this court.   But the defendants, Alva Worden and John S. Worden, were unable to give the necessary bond to operate as a supersedeas bond upon said appeal.

" On the 17th of September, 1883, the complainant issued an execution on his decree, and placed it in the hands of the marshal of said district.

" On the 18th of September, 1883, the marshal, under the execution, levied upon certain lots in the city of Ypsilanti, county of Washtenaw, and upon certain lands in the town of Sumpter, county of Wayne, all in the State of Michigan, in the Eastern District thereof, the property of the said appellant, Harrison H. Ballard; and on other lands in the said city of Ypsilanti, belonging to the said Alva Worden and John S.

Worden but which were mortgaged to Mary Ann Andrews, Henry M. Curtis, Henry Van Tuyl and Charles King.

" That, on the 10th day of October, 1883, the said Anson Searls, in aid of his execution against the Wordens, filed in the said Circuit Court of the United States for the Eastern District of Michigan, his bill of complaint against Harrison H. Ballard, Mary A. Andrews, Henry M. Curtis, Henry Van Tuyl, Charles King, Alva Worden and John S. Worden, to set aside as fraudulent and void, as to the creditors of the said Alva Worden and John S. Worden, the conveyances under which the said Harrison H. Ballard held the lands so levied upon ; and also the mortgages given by the said Alva Worden and John S. Worden on the said lands belonging to them to the said Mary Ann Andrews, Henry M. Curtis, Henry Van Tuyl and Charles King. That such proceedings were had in said last-mentioned cause, that the cause was brought to a final hearing, and a decree entered on the 24th day of November, A.D. 1884, in which it was decreed that the mortgages given by the said defendants Alva Worden and John S. Worden to the said defendants Mary A. Andrews, Henry M. Curtis, Henry Van Tuyl, and Charles King, were good and valid liens upon the lands mentioned therein, and that the several conveyances to Harrison H. Ballard were fraudulent and void as against the creditors of the said Alva Worden and John S. Worden.

" Thereupon the said defendant Harrison H. Ballard prayed an appeal to the Supreme Court of the United States to reverse the said decree, as far as it related to him.

" That the said appeal was allowed and the amount of the appeal bond was fixed at the sum of $8500. That the said bond was duly executed and approved by one of the judges of the said Circuit Court, and filed in the office of the clerk of said Circuit Court. That on the 8th day of October, 1885, the clerk of the said Circuit Court of the United States for the Eastern District of Michigan transmitted the transcript of the record in the case of *Anson Searls* v. *Harrison H. Ballard et al.* to the clerk of the Supreme Court of the United States, and that the said transcript was filed in the office of the clerk of

this court on the 13th day of October, 1885, and now stands on the docket for the October Term, 1888, as No. 144.

"That since the appeal in this case, the appeal in the original case of *Alva Worden and John S. Worden, Appellants* v. *Anson Searls*, has been heard in this court, and a decree entered thereon on the 27th of March, 1887, wherein and whereby it was, among other things, ordered, adjudged, and decreed that the final decree of the said Circuit Court in this cause be, and the same is hereby, reversed with costs, and that the same be remanded to the said Circuit Court with a direction to dismiss the bill with costs.

"That on the 8th day of August, 1887, this court issued its mandate in the said case of *Alva Worden et al., Appellants* v. *Anson Searls* to the said Circuit Court, in which, among other things, the said Circuit Court of the United States for the Eastern District of Michigan was directed to dismiss the bill with costs.

"That said mandate was filed in the said Circuit Court on the 3d day of October, 1887.

"That on the 3d day of September, 1888, a decree was entered in pursuance of said mandate in the case of *Anson Searls* v. *Alva Worden and John S. Worden* (the original case), dismissing the bill of complaint with costs."

It is apparent from this statement that the whole basis and foundation of the present suit has disappeared by the decree rendered in the former case of *Worden and others* v. *Searls*, reported in 121 U. S. 14. Surely there ought to be some mode of relieving a party in such a case. The appellee is endeavoring to collect the amount recovered by a decree which has been reversed, and in a case in which his bill has been dismissed on the merits. The object of the present suit is to aid the execution of that former decree by having declared void certain conveyances of property by the defendants, which the appellee has caused to be levied on for the satisfaction of the decree. If the former decree had been reversed before the taking of the present appeal, the appellant could have instituted supplementary proceedings in the Circuit Court for obtaining the benefit of that reversal. The conveyances sought

to be set aside were good as between the parties, and only void as to creditors; and as the appellee, by the reversal of his decree ceased to be a creditor, his bill to have the conveyances set aside had no longer any ground to stand on. A supplemental proceeding of some kind, therefore, would have been the right of the defendant, the present appellant. But as the case had been removed to this court by appeal before that decree of reversal was rendered, such a proceeding was out of his power. Nor could it be taken in this court, where the case was pending on appeal, for this court cannot entertain proceedings that require the exercise of original jurisdiction, except in the few cases pointed out in the Constitution.

The only course which can be properly pursued is to remand the cause to the Circuit Court, with instructions to allow the appellant to file a supplemental bill, in the nature of a bill of review, or a bill to suspend or avoid the operation of the decree, according to the mode pointed out by Lord Redesdale in his work on Equity Pleading. He says, on page 86: "But if a case were to arise in which the new matter discovered could not be evidence of any matter in issue in the original cause, and yet clearly demonstrated error in the decree, it should seem that it might be used as ground for a bill of review, if relief could not otherwise be obtained." And on page 95 he says: "5. The operation of a decree signed and enrolled has been suspended in special circumstances, or avoided by matter subsequent to the decree, upon a new bill for that purpose;" and he gives an instance occurring in the time of Charles II. These views are adopted by Mr. Justice Story in his work on Equity Pleading. See § 415 and note; and § 428. We do not decide what precise form such a proceeding should take: the appellant will be advised by his counsel in this regard.

The appellee, in opposition to the appellant's motion, has produced the certificates of the marshal of the United States for the Eastern District of Michigan, showing that, on the 10th day of December, 1884, he sold the property in dispute, or some part thereof, to certain persons, under the execution issued upon the decree in the case of *Anson Searls* v. *Alva Worden and John S. Worden,* (which was reversed by this court,

as before stated,) and that the purchasers would be entitled to a deed of said lands, and the sales would become absolute at the expiration of fifteen months, unless previously redeemed as prescribed by the statute of Michigan.

It is possible that these sales may complicate the inquiry to be made by the court upon the supplemental proceedings of the appellant; but we do not see that they can preclude such proceedings. It is not shown that the purchasers have advanced any money on the faith of the purchases; and it is possible that the appellant can show that they were made for the benefit of the appellee; in either case, the sales would be liable to be set aside on the reversal of the decree. Should the Circuit Court deem it proper to require that the purchasers be made parties to the supplemental proceedings, the facts of the case could be fully elicited, and right could be done without prejudice to any of the parties.

*Our decision is that the cause be remanded to the Circuit Court, with instructions to allow the appellant, defendant below, to file such supplemental bill as he may be advised, in the nature of a bill of review, or for the purpose of suspending or avoiding the decree, upon the new matter arising from the reversal of the decree in the former case of Anson Searls v. Alva Worden and John S. Worden, and that such proceedings be had thereon as justice and equity may require: And it is so ordered.*