[L. A. No. 2996. In Bank.—July 28, 1913.]

## J. M. SEWELL, Respondent, v. CLINTON JOHNSON, Appellant.

JUDGMENT—EFFECT OF JUDGMENT BEFORE IT BECOMES FINAL—GENERAL RULE.—As a general rule, a judgment, until it becomes final by affirmance on appeal or by the lapse of the time within which an appeal might be taken, is not admissible in evidence and cannot be relied upon as the foundation of rights declared in it.

ID.—CREDITOR'S BILL—NATURE OF ACTION—APPLICATION OF RULE.—
Such rule has no application to an action of the kind commonly
known as a creditor's bill, the purpose of which is to apply to the
satisfaction of the creditor's demand property of the debtor which
was transferred by such debtor with intent to delay or defraud any
creditor or other person of his demand.

ID.—WHEN CREDITOR'S BILL LIES—CREDITOR ENTITLED TO EXECUTION
MAY MAINTAIN ACTION.—Under section 3441 of the Civil Code, a
creditor is not in a position to attack a transfer for fraud unless he
has a specific lien upon the property transferred or has reduced his
claim against the debtor to judgment. The judgment creditor's ac-
tion to that end, is not, strictly speaking, an action upon the judg-
ment, but is really an action for equitable relief against the
obstruction caused by the transfer which hinders him in satisfying
his claim by the ordinary process of law, that is, by execution. If
then, he is in a position to levy execution, he may maintain the
action.

ID.—MONEY JUDGMENT—EXECUTION MAY ISSUE PENDING APPEAL IN
ABSENCE OF STAY-BOND.—The fact that the time for appeal has not
expired does not prevent the issuance or the levy of execution under
a money judgment, nor is the right to have execution affected
by the fact that an appeal is actually taken, unless an undertaking
to stay execution has been given. In the absence of such undertak-
ing, the judgment creditor may maintain a creditor's bill, notwith-
standing the fact that the time for an appeal has not expired, or an
appeal has actually been taken and is pending.

ID.—REVERSAL OF JUDGMENT ON WHICH CREDITOR'S BILL IS BASED—AP-
PEAL FROM JUDGMENT IN CREDITOR'S ACTION—JUDICIAL NOTICE OF
REVERSAL OF ORIGINAL JUDGMENT.—Where such a judgment cred-
itor, pending an appeal from the judgment on which no stay-bond
was given, recovers judgment in an action in the nature of a cred-
itor's bill against the judgment debtor, the supreme court, on appeal
from the latter judgment, will take judicial notice of the fact of
its reversal of the previous judgment on which the creditor's bill
was based, and on that account will reverse the latter judgment. In
order that such judicial notice may be taken, it is not necessary that
the defendant in the creditor's bill should have pleaded, in abate-
ment of that action, the want of finality of the original judgment.
Such a plea would have been unavailing, and the fact that the de-
fendant did not make it cannot operate to his prejudice. The case of
*Sewell* v. *Price*, 164 Cal. 265, in so far as it holds the contrary, is
disapproved. (Per Lorigan, J., Henshaw, J., and Melvin, J.)

ID.—JUDICIAL NOTICE OF MATTERS DEHORS THE RECORD—MATTERS OCCUR-
RING SUBSEQUENT TO APPEAL.—The general rule that there must, in
the record on appeal to which the doctrine of judicial notice is in-
voked, be some pleading or matter referring to or involving the

record and action of this court in another case before it may be judicially noticed, is not an inflexible one, and should not be applied so as to prevent this court from taking judicial notice in a pending appeal of its action in another case intimately connected with it and occurring subsequent to the taking of such appeal, when it is evident that unless such notice is taken and acted on injustice to the appellant will result.

ID.—SHOWING MATTERS DEHORS THE RECORD ON MOTION.—It is held by Angellotti, J., Sloss, J., and Shaw, J., that in order to warrant the reversal of the present judgment in the creditor's suit, it is not necessary to invoke the doctrine of judicial notice; that the real question involved is, whether the facts of the reversal of the prior judgment, and its identity with the judgment on which the creditor's suit was based, may be brought before the supreme court on motion and supported by evidence outside the record, and considered in disposing of the appeal, and that such course may be followed under the circumstances.

APPEAL from a judgment of the Superior Court of Los Angeles County.   W. R. Hervey, Judge.

The facts are stated in the opinion of the court.

H. M. Barstow, and J. E. Daly, for Appellant.

F. A. Knight, J. V. Hannon, and W. J. Variel, for Respondent.

LORIGAN, J.—This action was brought to set aside the transfer of one thousand four hundred shares of the capital stock of the "Building Association of the New or Practical Psychology" claimed to have been made by one W. R. Price to the defendant.

The complaint alleged that on November 4, 1909, plaintiff obtained a judgment against said Price for $7,728.18 which was then in full force and effect; that "after the said W. R. Price perpetrated the fraud upon the plaintiff herein which was the basis of the action upon which said plaintiff recovered judgment against the said W. R. Price aforesaid," the said Price for the purpose of defeating such judgment and defrauding his creditors, particularly the plaintiff, had without any consideration therefor transferred all of said one thousand four hundred shares of stock to the defendant; that

execution was issued on said judgment against the property of said Price and returned unsatisfied and the said Price has not sufficient property other than the said stock out of which said execution may be satisfied.

The only issue made by the answer in said action was as to the transfer of said stock; defendant denied that it had been transferred to him by said W. R. Price and averred that he had purchased one thousand shares from Mary L. Price, the then owner thereof, and that four hundred shares of said stock were issued and delivered to him directly by the corporation itself to secure a loan made by defendant to it.

The court found the facts as alleged in the complaint except as to the four hundred shares of said stock and gave judgment for plaintiff, decreeing that the transfer of one thousand shares was made by said W. R. Price in fraud of his creditors, particularly plaintiff; that said Price was sole owner of said one thousand shares, and enjoined defendant from transferring, selling or encumbering any of those shares.

Defendant appeals from the judgment on the judgment-roll alone.

On the oral argument in this case and in a ''supplemental memoranda'' filed thereafter, appellant called the attention of this court to the fact that on June 12, 1912, on an appeal taken by W. R. Price from the judgment of the superior court in the case of Sewell *v.* Christie, W. R. Price, and H. C. March (*Sewell* v. *Christie et al.,* 163 Cal. 76, [124 Pac. 713]), this court reversed said judgment. Under such suggestion and the presentation of the record on appeal in that case on the oral argument, appellant insists that we must take judicial notice of the reversal of such judgment, and as it appears by doing so, that the integrity of that judgment, which was the sole foundation of plaintiff's action against this appellant, has by such reversal been destroyed, the judgment on the present appeal based upon it should also be reversed.

No question was made by respondent on the oral argument, or in his briefs subsequently filed, but that the judgment reversed in Sewell *v.* Christie, Price et al., is the same judgment pleaded in the complaint in this action, nor that if the court can take into consideration the fact of such reversal that there is not a sufficient showing made to warrant it. No contention is made as to the fact but against the legal right of

appellant to have this court take judicial notice of the fact of such reversal which it is claimed by respondent, appellant is asking us to do. The position of respondent is that in disposing of the present appeal this court must confine itself exclusively to an examination and consideration of the record therein, and that, as it is nowhere set up in the answer of the defendant in this action that the judgment alleged in the complaint had not become final, nor any plea in abatement set up therein, on that ground, we are precluded from taking judicial notice of our action on the other appeal.

But it was not alleged in the complaint nor did the court find that the judgment had become final, but only that it was in full force and effect, which would be true though the time for appeal from it had not expired, or it had actually been appealed from. Though not a final judgment it was a subsisting one, upon which, unless a stay-bond were given execution might issue, and as such in aid of satisfying any execution issued under it plaintiff had a right to rely on it in this action against the defendant, and neither the mere fact that the time for appeal by Price had not expired, or that an appeal had actually been taken by him, could have precluded plaintiff from doing so, nor have been available as a plea in abatement in this action on the part of defendant. Such a plea could only have been available if, pending his right to appeal, or on an appeal, Price had given an undertaking to stay execution on the judgment which, it is apparent from the allegations in the complaint he did not do, because this action is brought in aid of the enforcement of an unsatisfied execution issued on the judgment, and is inconsistent with any idea that a stay-bond was given.

As said in the opinion in another branch of the litigation arising out of this judgment in Sewell v. Christie et al.— namely, *Sewell* v. *Mary L. Price et al.*, 164 Cal. 270, [128 Pac. 409].

"The general rule undoubtedly is that until a judgment becomes final by affirmance on appeal or by the lapse of the time within which an appeal might be taken, such judgment is not admissible in evidence and cannot be relied upon as the foundation of rights declared in it. (*Feeney* v. *Hinckley*, 134 Cal. 467, [86 Am. St. Rep. 290, 66 Pac. 580], and cases cited.) But the rule has no application to the case at bar. The pres-

ent action is of the kind commonly known as a creditor's bill. Its purpose is to apply to the satisfaction of the creditor's demand property of the debtor which was transferred by such debtor with intent 'to delay or defraud any creditor or other person of his demands.' (Civ. Code, sec. 3439.) Section 3441 of the Civil Code provides that 'a creditor can avoid the act or obligation of his debtor for fraud only where the fraud obstructs the enforcement, by legal process, of his right to take the property affected by the transfer or obligation.' Consequently it is universally held that a creditor is not in a position to attack a transfer for fraud unless he has a specific lien upon the property transferred or has reduced his claim against the debtor to judgment. . . . The bill maintained by a judgment creditor to subject to the payment of his demand property fraudulently transferred by the debtor is not, strictly speaking, an action upon his judgment. It is really an action for equitable relief against the obstruction caused by a transfer which hinders him in satisfying his claim by the ordinary process of law, that is to say, by an execution. If, then, he has put himself in a position to levy execution, he has done everything necessary to enable him to attack the transfer which hinders his enjoyment of his right. The fact that the time for appeal has not expired does not prevent the issuance or the levy of execution under a money judgment, nor is the right to have execution affected by the fact that an appeal is actually taken, unless an undertaking to stay execution has been given. It must accordingly be held that, in the absence of such undertaking, a plaintiff who has recovered judgment may maintain a creditor's bill, notwithstanding the fact that the time for an appeal has not expired or an appeal has actually been taken and is pending. Such was the ruling of the district court of appeal for the first appellate district in *Jenner* v. *Murphy,* 6 Cal. App. 435, [92 Pac. 405], and we are cited to no authority holding to the contrary."

In this view, as neither the fact that the time for appeal from the principal judgment had not expired nor that the appeal had actually been taken would have been available to the present defendant as a plea in abatement unless a stay-bond had been given, and as it is clearly inferable from the allegations of the complaint that the enforcement of execution on such judgment had not been so stayed, there is no force

in the claim that in order to invoke the doctrine of judicial notice such a plea in abatement should have been interposed in the action. Apparently having no right to interpose such a plea, the fact that he did not cannot be charged against the appellant.

So that we have here, examining the record alone on the present appeal, the absence of any pleading or suggestion in the answer of the defendant against the finality of the judgment sued on, but an absence which is not to be attributed to any fault on the part of appellant; a showing that the integrity of the judgment on which alone the subsequent judgment against appellant could be supported has been reversed by this court, and the question presented is whether any rule or doctrine can be invoked to relieve the appellant when it is apparent that to affirm a judgment against him based solely on a previous judgment we have reversed would manifestly work an injury and injustice to him.

Respondent contends that the only doctrine which appellant could invoke in his aid is that of judicial notice—that this court must take such notice on this appeal of the reversal of the previous judgment—but insists that this cannot be done because there is nothing in the record on this appeal immediately before the court to show that the judgment reversed was the same judgment relied on by respondent in his complaint in the court below, and it is claimed that it is well settled in this state that unless there is some suggestion in the record of a case before it respecting such judgment this court cannot take judicial notice of its record and action in such other and different case, relying on *People* v. *De La Guerra,* 24 Cal. 73; *Lake Merced W. Co.* v. *Cowles,* 31 Cal. 214; *McKinlay* v. *Tuttle,* 42 Cal. 576, and a number of other cases.

The cases cited by respondent sustain the general rule relied on by him that there must, in the record on appeal to which the doctrine is invoked, be some pleading or matter referring to or involving the record and action of this court in another case before it may be judicially noticed. It will be found, however, in an examination of all these cited cases that the rule of judicial notice was sought to be invoked under circumstances where it was clear that no basis in or outside the record in the immediate appeal could be presented for its application. The parties endeavoring to have the court apply it had

plainly neglected or failed in their pleadings in the court below to avail themselves of the right to have incorporated in their record on appeal the record or action in the trial court or in this court of another action so as to permit reliance on the doctrine of judicial notice. In none of these cases was it sought to have this court take notice of its judgment on appeal in another case intimately connected with the judgment involved in the pending appeal and directly affecting it, and where such judgment in the other case was rendered after a pending appeal was taken and no fault was attributable to the appellant in not incorporating any reference to such previous case in his record on appeal. No such situation was presented in any of the cited cases and, of course, in none of them was it decided that judicial notice of the court under no circumstances could be taken in a pending appeal by proof of matters *aliunde* its record. It was only held that judicial notice under the rule clearly could not be taken under the circumstances presented in those cases where it was sought to be invoked.

The rule that the power of a court to consider on a pending appeal only matters which appear in that record is not of universal application; nor is the court always confined in the consideration and disposition of such appeal to the record therein. On the contrary, matters often arise subsequent to an appeal which may be brought before this court on evidence outside the record and which will be considered and acted on in disposing of the appeal. A familiar illustration is where, after an appeal from a judgment, a new trial is granted in the superior court; or, when, after appeal, it appears that from some circumstances or fact occurring thereafter, its further prosecution involves only a moot question. In both cases, on proper showing necessarily outside the record, this court will dismiss the appeals. The same result will follow where a penal statute on which a judgment depends is repealed pending the appeal, or the jurisdiction of the appellate court to entertain an appeal depends upon a statute which pending the appeal is repealed. In either case the appeal will be dismissed. Other circumstances might be cited in which the court acts in disposing of pending appeals on matters which are outside of the record in a particular case occurring

CLXV Cal.—49

subsequent to the appeal and only brought to its attention upon suggestion or proceedings independent of the record.

So that while ordinarily the court will determine the rights of the parties upon the record as it is presented on appeal, we find these particular instances where that rule is properly departed from or is deemed not to apply. The rule is not an inflexible one, and as it does not apply so as to prevent the disposing of appeals on a showing off the record which demonstrates that nothing can be accomplished by further entertaining them as in the instances just referred to, certainly no valid reason can be given why a court may not take notice in a pending appeal of its action in another case intimately connected with it and occurring subsequent to the taking of such appeal when it is evident that unless such notice is taken and acted on injustice to the appellant will result.

It is to be observed that the sole basis sustaining the right of this respondent in the present appeal to maintain his action against this appellant in the court below was the judgment in Sewell *v.* Christie, Price et al., which we have reversed. The present action against the defendant arising out of such judgment is in the nature of a creditor's bill. It could only be maintained after a judgment at law against Price which was in effect its essential basis. As a general creditor with a mere legal demand not merged into a judgment plaintiff could maintain no action against appellant. But the judgment which alone constituted the basis of the present action has been reversed; the respondent has lost his position as a judgment creditor as effectually as if it never existed. He has no judgment. Under these circumstances there is in fact presented a situation where we are asked to affirm the present judgment which is based solely upon a judgment which we have reversed and which affirmance we would have to make unless we take judicial notice of our action which resulted in the reversal of the principal judgment. Certainly there ought to be some way to prevent conflicting decisions in the same tribunal, obviate a situation which practically involves an absurdity and prevent a result which will not only give to the respondent a benefit to which he is not entitled but which would be inequitable and unjust to the appellant. We do not think that the general rule whereby usually a court must confine itself to a record in a particular appeal in disposing of it

is so inflexible in its application that under no circumstances can judicial notice be invoked by a showing outside its record. When a situation exists such as we have here where manifestly to affirm the judgment immediately involved, based solely on a judgment which we have previously reversed, would be unjust, there ought to be some remedy for the appellant, and we think no unwarranted invasion of the general rule under which such notice may be taken is made by holding that in a case of the peculiar circumstances now presented it may be invoked upon a sufficient showing outside the record.

It is true that we are cited to no authorities in this state, nor in fact elsewhere (save such as we will presently refer to) where such an enlargement of the rule has been permitted. But on the other hand we are referred to none which expressly forbids it. None of the cases in this state in which the application of the general rule was made involved anything like a situation such as we have here where it is clear that in the interests of justice some remedy should be open to the appellant. We are, however, not wanting in eminent authority sustaining the view we take. In just such a situation as is presented here the courts of the United States on a showing outside the record in a pending appeal take judicial notice of the reversal of a previous judgment on which the judgment in the pending appeal is based, and accordingly reverse the judgment in the pending appeal or remand the case to the court below for further proceedings.

In *Ballard* v. *Searls*, 130 U. S. 50, [32 L. Ed. 846, 9 Sup. Ct. Rep. 418], the appellant in that case presented the records of the supreme court and the circuit court in actions immediately here referred to, and also affidavits, from which it appeared, more however in detail than as we state it, that Searls sued one Worden in the circuit court of the United States to recover damages and obtained judgment in his favor. Worden appealed from that judgment to the supreme court of the United States. Pending that appeal Searls sued Ballard to set aside a transfer of property by Worden to him as made to defraud Worden's creditors and obtained a judgment setting aside the conveyance. Ballard appealed to the United States supreme court from this judgment and pending his appeal that court reversed the judgment in favor of Searls and against Worden.

On this showing Ballard then moved in his case on appeal for a reversal of the decree of the court below against him on the ground that the judgment which was the basis of the action against him had been itself reversed.

It will be observed that the same condition as to the respective judgments was presented there as here and that the showing on which the motion was based was as here, outside the record on appeal in which it was made.

Premising its ruling on the application of Ballard, the court said: "It is apparent from this statement that the whole basis and foundation of the present suit has disappeared by the decree rendered in the former case of *Worden* v. *Searls,* 121 U. S. 14, [30 L. Ed. 853, 7 Sup. Ct. Rep. 814]. Surely there ought to be some mode of relieving a party in such a case. The appellee is endeavoring to collect the amount recovered by a decree which has been reversed, and in a case in which his bill has been dismissed on the merits. The object of the present suit is to aid the execution of that former decree by having declared void certain conveyances of property by the defendants, which the appellee has caused to be levied on for the satisfaction of the decree. If the former decree had been reversed before the taking of the present appeal, the appellant could have instituted supplementary proceedings in the circuit court for obtaining the benefit of that reversal.''

It then remanded the cause for further proceedings in the court below by reason of the reversal of the prior judgment. In so disposing of the appeal the court took judicial notice of the previous judgment on a showing outside the record in the immediate appeal and no question was raised but that it was proper for it to do so.

In *Butler* v. *Eaton,* 141 U. S. 240, 242, [35 L. Ed. 713, 11 Sup. Ct. Rep. 985], the defendant in the circuit court of the United States pleaded in bar a judgment rendered in his favor by the supreme court of Massachusetts and the plea was sustained. Plaintiff appealed to the United States supreme court. Pending such appeal said supreme court reversed the judgment of the supreme court of Massachusetts pleaded in bar and sustained in the circuit court. The supreme court of the United States took judicial notice of the reversal of the judgment of the state court and as a consequence reversed the judgment in the circuit court. In that regard it said: "As

the sole ground and reason for giving judgment against the receiver, in regard to the amount of the new shares of stock, was the judgment of the supreme judicial court of Massachusetts, which we have just reversed, the inquiry arises, What disposition may be made of the judgment in this case, supposing that the evidence of the Massachusetts judgment was properly admitted, and allowed by the circuit court on the trial of the cause? At that time this judgment was valid and subsisting. . . . We think, therefore, that the evidence of the judgment recovered was properly admitted as a bar to the receiver's title to recover in reference to the new stock, and it cannot be said, therefore, looking to the record in this case alone, that there is error in the judgment now before us. But by our own judgment just rendered in the other case, the whole basis and foundation of the defense in the present case, namely, the judgment of the supreme judicial court of Massachusetts is subverted and rendered null and void for the purpose of any such defense. . . . Are we then bound to affirm the judgment and send it back for ulterior proceedings in the court below, or may we, having the judgment before us, and under our control for affirmance, reversal, or modification, and having judicial knowledge of the total present insufficiency of the ground to support it, give such judgment in the case as would and ought to be rendered? . . . The judgment complained of is based directly upon the judgment of the supreme court of Massachusetts, which we have just reversed. It is apparent from an inspection of the record that the whole foundation of that part of the judgment which is in favor of defendant is, to our judicial knowledge, without any validity, force and effect, and ought never to have existed. Why, then, should not we reverse the judgment which we know of record has become erroneous, and save the parties the delay and expense of taking ulterior proceedings in the court below to effect the same object? Upon full consideration of the matter we have come to the conclusion that we may dispose of the case here. We therefore reverse the judgment of the circuit court," etc. (In support of its ruling *Ballard* v. *Searls,* 130 U. S. 50, [32 L. Ed. 846, 9 Sup. Ct. Rep. 418], was referred to in the opinion.)

In *Hennesey* v. *Tacoma Smelting & Refining Co.,* 129 Fed. 40, [64 C. C. A. 54], it appears that a judgment had been

rendered in the United States circuit court based on a judgment of the superior court of the state of Washington pleaded as *res adjudicata*. An appeal was taken from the circuit court to the circuit court of appeals, and while there pending the supreme court of the state of Washington reversed the judgment of the superior court. On a showing off the record of this fact the circuit court of appeals refused to further consider the appeal from the circuit court and reversed the judgment. Relying upon the authority of *Butler* v. *Eaton,* 141 U. S. 240, [35 L. Ed. 713, 11 Sup. Ct. Rep. 985], it took judicial notice of the fact that the judgment relied on as a basis for the judgment before it on appeal had been reversed and on such judicial notice, without consideration of the merits of that appeal, reversed the judgment.

It is true that in *Sewell* v. *Mary L. Price et al.,* 164 Cal. 265, [128 Pac. 407], another branch of the litigation based on the principal judgment in *Sewell* v. *Christie et al.,* 163 Cal. 76, [124 Pac. 713], we strictly applied the rule as to judicial notice and on the authority of the cases in this state heretofore cited, affirmed the judgment. In that case, while a reversal of the judgment in the main case of Sewell *v.* Christie, Price et al. was suggested, but little was presented there on the matter of judicial notice except to cite the California cases, specially mentioned herein, and others on the same subject. Our attention was not called to the cases from the courts of the United States where the doctrine of judicial notice was held to apply to a peculiar situation such as is presented here, and we are convinced that under the rule prevailing in those courts, the conclusion in *Sewell* v. *Mary L. Price et al.* should not be followed.

Within the rule as applied under the authorities we have cited we are satisfied that this court must take judicial notice of the reversal of the judgment in *Sewell* v. *Christie et al.,* the basis of the judgment under consideration, and that a reversal of the judgment on this present appeal should be had, and it is so ordered.

Henshaw, J., and Melvin, J., concurred.

HENSHAW, J., concurring.—I concur in the opinion of Justice Lorigan. Even if it be conceded that that opinion

declares for a relaxation of the rule requiring a judgment upon which reliance is placed to be pleaded (though I do not think such is the case), I perceive no reason why this should not be done. No sanctity attaches to the rule itself and like every other rule and principle of law it should not be applied where the reason for its application does not exist. It is not even a rule of property and the doctrine of *stare decisis* therefore cannot be invoked.

The reason for the rule requiring a judgment upon which a litigant founds a right to be pleaded is simply this: If he does not plead it he may be deemed to have waived his rights under it and only by pleading it can his adversary be given that to which the law entitles him,—namely, the opportunity to destroy, if he can, its legal effect. But where, as here, the defendant could not have pleaded the judgment of reversal, and where no question of the legal efficacy of the judgment of reversal could or does arise; and where, moreover, the judgment is one pronounced by this court, every one of whose judgments in contemplation of law is always within the judicial mind and knowledge, no reason for the application of the rule exists and the rule itself should not be applied.

Melvin, J., concurred.

ANGELLOTTI, J., concurring.—I concur in the judgment. Further consideration of the question presented has satisfied me that in view of the circumstances of this case the result reached is correct. It is in fact made to appear to us that since this appeal was taken and while it was pending in this court, the very judgment which was "the whole basis and foundation" of the action before us and which was absolutely essential to the maintenance of such action, has been reversed by this court. As said in *Ballard* v. *Searls,* 130 U. S. 50, [32 L. Ed. 846, 9 Sup. Ct. Rep. 418], the object of this action was "to aid the execution" of such judgment.

Our attention has been called to our judgment of reversal by appellant here, and it is undisputed that such reversal was of the identical judgment alleged in plaintiff's complaint in this action, which judgment was the whole basis and foundation of this action. These matters, going to the very foundation of plaintiff's action and absolutely precluding any

recovery by him, are shown, as they necessarily must be shown, by evidence not contained in the record on appeal. Justice Lorigan's opinion clearly shows why this was the only possible way by which these matters could be made to appear. As I have said, there is no dispute as to the facts. Practically, the defendant in this case has established by evidence introduced in this court, a part of such evidence being our own judgment of reversal in another case, that by reason of something that has occurred since the appeal was taken, plaintiff has no right to maintain this action. I am of the opinion that the doctrine of judicial notice is not involved, and that the real question is whether such matters as are here asserted may be brought before this court on motion and supported by evidence outside the record, and considered in disposing of the appeal. For all practical purposes this is what defendant has done, although he may have done it somewhat informally. Justice Lorigan has shown that matters often arise subsequent to an appeal which may be brought before an appellate court and considered and acted on in disposing of the appeal. I can conceive of no good reason why such course may not be followed under such circumstances as appear here. Manifestly it is in the interest of justice that it should be done. I do not think that the conclusion we have reached impairs the effect of the rule declared in some of our decisions that a court will not in one case, take judicial notice of the record or proceedings in another case in the same court.

Sloss, J., and Shaw, J., concurred.