## UNITED STATES v. COMMERCIAL CREDIT CO.

Circuit Court of Appeals, Fourth Circuit.
July 5, 1927.

No. 2449.

1. **Internal revenue** &#8781;46—**Proceeding to forfeit automobile under revenue statute held not barred by arrest of operators under warrant charging violation of National Prohibition Act and binding over of such persons (Comp. St. §§ 6352, 10138¼ et seq., 10138⅘c).**

Under Act Nov. 23, 1921, § 5 (Comp. St. § 10138⅘c), prohibition agent's arrest of persons in charge of automobile containing liquor on warrant charging violation of National Prohibition Act (Comp. St. § 10138¼ et seq.), and commissioner's binding over of such persons to court to answer charge contained in warrant, *held* not to bar a proceeding under Rev. St. § 3450 (Comp. St. § 6352), to forfeit automobile.

2. **Internal revenue** &#8781;46—**Dismissal of libel against automobile because of proceedings had under National Prohibition Act against persons in charge held erroneous (Comp. St. §§ 6352, 10138¼ et seq., 10138⅘c).**

Order dismissing libel against automobile, under Rev. St. § 3450 (Comp. St. § 6352), *held* erroneously entered on theory that proceeding was barred, under Act Nov. 23, 1921, § 5 (Comp. St. § 10138⅘c), by action taken under National Prohibition Act (Comp. St. § 10138¼ et seq.) against persons in charge.

3. **Internal revenue** &#8781;46—**Motion to set aside forfeiture of automobile and for new trial is addressed to court's discretion (Comp. St. § 6352).**

Motion to set aside forfeiture of automobile, under Rev. St. § 3450 (Comp. St. § 6352), and to grant new trial, is addressed to discretion of trial judge.

4. **Internal revenue** &#8781;46—**Erroneous dismissal of libel against automobile held to have become proper disposition of case, in view of conviction of operators under National Prohibition Act, and hence reversal unwarranted (Comp. St. §§ 6352, 10138¼ et seq., 10138⅘c; U. S. C. tit. 28, § 391).**

Where libel against automobile under Rev. St. § 3450 (Comp. St. § 6352), was erroneously dismissed on theory that it was barred under Act Nov. 23, 1921, § 5 (Comp. St. § 10138⅘c), by arrest of operators under warrant charging violation of National Prohibition Act (Comp. St. § 10138¼ et seq.), but where, on review of such order of dismissal, it was shown that after the dismissal the persons in charge had pleaded guilty and been sentenced for violating Prohibition Act, *held*, order of dismissal, though erroneous when entered, having become the proper disposition, would not be reversed, but error would be disregarded, under U. S. C. tit. 28, § 391 (Comp. St. § 1246).

5. **Appeal and error** &#8781;671(1)—**Writ of error must be passed on in light of record brought up from court below, with certain exceptions.**

With certain exceptions, writ of error must be passed on in light of record brought up from court below.

In Error to the District Court of the United States for the District of Maryland, at Baltimore; Morris A. Soper, Judge.

Libel by the United States against an automobile, wherein the Commercial Credit Company, a corporation of the state of Delaware, filed petition praying that order of forfeiture be set aside and that it be allowed to intervene. To review order setting aside forfeiture, allowing intervention, and dismissing libel, the United States brings error. Affirmed.

A. W. W. Woodcock, U. S. Atty., and Otto N. Forrest, Asst. U. S. Atty., both of Baltimore, Md.

Malcolm H. Lauchheimer, of Baltimore, Md. (Sylvan Hayes Lauchheimer, of Baltimore, Md., on the brief), for defendant in error.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

PARKER, Circuit Judge. This is a writ of error, brought by the United States, to review an order of the District Court dismissing a libel filed against an automobile under section 3450 of the Revised Statutes (Comp. St. § 6352). The automobile was seized on January 20, 1925, by federal prohibition agents, and at the time of seizure there was concealed in it a quantity of intoxicating liquor upon which the internal revenue tax had not been paid. The automobile, however, was subject to a lien for more than its value in favor of the Commercial Credit Company, and this company had no knowledge or reasonable cause to believe that it was being used or would be used for any unlawful purpose.

The learned District Judge did not indicate the ground of his action in dismissing the libel, but as the order was entered before the decision of the Supreme Court in the case of United States v. One Ford Coupé Automobile, 47 S. Ct. 154, 71 L. Ed. ——, his action was probably based upon the idea that section 3450 of the Revised Statutes had been superseded by section 26 of title 2 of the National Prohibition Act (Comp. St. § 10138½mm). In view of the decision by the Supreme Court in the case cited that section 3450, R. S., is not repealed or superseded, and of what was

said by the court in that case and in the case of Port Gardner Inv. Co. v. U. S., 47 S. Ct. 165, 71 L. Ed. ——, as to the effect of proceedings under the National Prohibition Act on proceedings under section 3450, it becomes important that we consider what the record discloses as to the proceedings had under the National Prohibition Act.

As stated above, the seizure was made by federal prohibition agents. At the same time Jerome Holliday and Charles Carr, who were in charge of the automobile, were arrested, and the agents who made the arrest and seizure immediately caused a warrant to be issued, charging them with the unlawful possession and transportation of intoxicating liquor in violation of the National Prohibition Act. The United States commissioner who issued the warrant bound them over to the United States District Court under the charges therein contained.

After the arrest and seizure, and after Carr and Holliday had been bound over to court for violation of the Prohibition Act, but before an indictment had been found or information filed against them, the United States attorney for the district of Maryland filed a libel against the automobile, under section 3450 of the Revised Statutes, and also under sections 3, 25, and 26 of title 2 of the National Prohibition Act (Comp. St. §§ 10138½aa, 10138½m, 10138½mm), and on March 12th following an order of forfeiture was entered. On March 21, 1925, the Credit Company filed its petition, setting up its rights in the automobile, and praying that the order of forfeiture be set aside, that it be allowed to intervene, and that the automobile be delivered to it. On May 26th, the court set aside the order of forfeiture and allowed the Credit Company to intervene. At the same time it dismissed the libel filed under section 3450, and held that the Credit Company, as bona fide lienor for an amount in excess of the value of the automobile, was entitled to the fund derived from its sale. It is this order which we are asked to review.

On July 25, 1925, two months after the above order was entered, the United States attorney filed an information against Carr and Holliday, charging them with transportation and possession of intoxicating liquor in violation of the National Prohibition Act, and some time later they pleaded guilty to the charges contained in the information and were punished thereunder. The facts as to what occurred after the order was entered dismissing the libel appear from a written stipulation filed in the cause, which, with consent of counsel for both sides, we consider as an addition to the original record.

[1] As stated above, the order dismissing the libel under R. S. § 3450, was entered some time before the decision of the Supreme Court in the case of United States v. One Ford Coupé Automobile, 47 S. Ct. 154, 71 L. Ed. ——. Under the principles decided in that case, we think that the order was clearly erroneous at the time it was entered. There had been no conviction under the National Prohibition Act, as was the case in Port Gardner Inv. Co. v. United States, 47 S. Ct. 165, 71 L. Ed. ——. And an information had not been filed against the guilty parties, as had been done in Commercial Credit Corporation v. United States (C. C. A. 2d) 18 F.(2d) 927. The question, therefore, is simply whether a proceeding under R. S. § 3450, is barred merely because a prohibition agent has made an arrest and seizure and caused a warrant to be issued charging violation of the National Prohibition Act, and a United States commissioner has bound over to court the persons so arrested to answer to the charge contained in the warrant. We think that this question must be answered in the negative.

Section 5 of the Act of November 23, 1921, 42 Stat. 222 (Comp. St. § 10138⅘c), under which the old internal revenue laws with respect to intoxicating liquors are retained in force, provides that "if any act is a violation of any of such laws and also of the National Prohibition Act or of this act, a conviction for such act or offense under one shall be a bar to prosecution therefor under the other." It will thus be seen that it is a conviction, and not a prosecution, under one act, which is a bar to a prosecution under the other; and, while we do not pass upon the question as to whether the filing of an information under the National Prohibition Act would constitute such an election of remedies as would bar a proceeding under R. S. § 3450, it seems perfectly clear that the government is not precluded from proceeding under R. S. § 3450, by a seizure made by a prohibition officer, or papers issued by a United States commissioner in advance of any action by the United States attorney. In such case there is no election by prosecution under the Prohibition Act; for the prosecution is not commenced until an indictment is found or information filed. Virginia v. Paul, 148 U. S. 107, 119, 13 S. Ct. 536, 37 L. Ed. 386; U. S. v. Van Duzee, 140 U. S. 169, 174, 11 S. Ct. 758, 35 L. Ed. 399; U. S. v. Smith (D. C.) 240 F. 756; U. S. v. Briebach (D. C.) 245 F. 204; U. S. v. Schwartz (D. C.) 249 F. 755.

As said by the Supreme Court in the case first cited:

"Proceedings before a magistrate to commit a person to jail, or to hold him to bail, in order to secure his appearance to answer for a crime or offense, which the magistrate has no jurisdiction himself to try, before the court in which he may be prosecuted and tried, are but preliminary to the prosecution, and are no more a commencement of the prosecution than is an arrest by an officer without a warrant for a felony committed in his presence."

In the case of U. S. v. Smith, supra, Judge (now Mr. Justice) Sanford said:

"The preliminary proceedings before the commissioner are, it is settled, not a part of the cause in the court itself. There is no 'cause' in the court until an indictment or information is filed; the filing therein of the commissioner's transcript not being the institution of a suit, but having as its object the giving of information to the district attorney that the defendant has been held to bail or committed to await the action of the grand jury."

The United States attorney is the law officer authorized to speak in behalf of the government. It would greatly hamper him in the performance of his duties to be bound by the conclusions of prohibition agents and United States commissioners. Let a case be supposed where a seizure has been made and a warrant issued under the National Prohibition Act, but where the parties charged are not guilty of violating that act, but are guilty of a violation of the internal revenue laws and have incurred a forfeiture thereunder. Is the district attorney in such case to be precluded from proceeding with a proper prosecution, and are the guilty parties to escape, because of the mistaken action of the prohibition agent and the commissioner? Or in case the act complained of constitutes a violation of both the revenue laws and the Prohibition Act, and a warrant is issued under the latter, but it becomes impossible to secure a conviction thereunder because of the escape of the guilty party, are the hands of the government to be tied, so that it cannot proceed to enforce the forfeiture against the property incurred by violation of the revenue laws, merely because a prohibition agent has secured a warrant under the Prohibition Act? To ask these questions is to answer them; and to our minds they demonstrate the unsoundness of the suggestion that, by action of a prohibition agent or a United States commissioner, the government is to be held to have made an election of remedies, and is to be precluded from prosecuting crimes denounced by its laws or forfeitures incurred thereunder. The fact that the statute directs that, upon an arrest and seizure under the Prohibition Act, the officer of the law shall proceed against the person arrested, in a court of competent jursdiction, manifestly was not intended to preclude a prosecution for other crimes of which the person arrested might be guilty, or to make such action by the officer an election by the government to proceed under the Prohibition Act instead of under the internal revenue laws, if the act of which accused was guilty constituted a violation of both.

[2] But, although we think it is clear that the order dismissing the libel was erroneous at the time it was entered, we think it equally clear that such order would be proper now, in view of the fact that Carr and Holliday have pleaded guilty and been punished for violating the National Prohibition Act in connection with the very transaction for which the libel was filed. Port Gardner Inv. Co. v. United States, supra, 47 S. Ct. 165, 71 L. Ed. ——. The fact that the libel under R. S. § 3450, was filed before the information under the Prohibition Act makes no difference. When a conviction or a submission was had for violating the Prohibition Act, the disposition of the automobile seized became mandatory, and precluded further action under R. S. § 3450.

[3] The question before us with regard to the subsequent conviction, it should be observed, is not whether subsequent conviction under the Prohibition Act will invalidate a forfeiture lawfully declared under R. S. § 3450, but what effect conviction subsequent to the filing of a libel, under R. S. § 3450, will have on further proceedings under the libel. The only order of forfeiture entered has been set aside and a new trial has been granted upon the intervening petition of the Credit Company. As this was done upon a motion made at the same term, the order, so far as it set aside the order of forfeiture and granted a new trial, was a matter within the discretion of the trial judge. It is only as the order determined the rights of the parties upon the new trial so granted that it is subject to review by us; and consequently the matter presented is not the order of condemnation, which was set aside, but the order dismissing the libel, and what we have to consider is the effect of the subsequent conviction, not upon a valid order of forfeiture, but upon an order of dismissal erroneous at the time it was made.

[4] If we ignore the admission of the parties as to the conviction and punishment of Carr

and Holliday under the Prohibition Act, and send the case back for a new trial because the order dismissing the libel was erroneous at the time it was entered, there can be no doubt, under the decision in the Port Gardner Investment Company case, that their conviction and punishment can be pleaded in bar of further proceedings under the libel. Is it necessary, then, that we do the vain thing of sending the case back for a new trial, when facts appear by admissions of the parties which can be pleaded in bar of further proceedings in the court below, and which, when so pleaded, will require the entry of the order which was erroneously entered when there had been no conviction or prosecution? We think not. The order of dismissal, erroneous when made, in view of the subsequent happenings has become the proper order, and the error in entering same has become harmless and should be disregarded. U. S. C. title 28, § 391; 40 Stat. 1181 (Comp. St. § 1246).

[5] While ordinarily a writ of error must be passed upon in the light of the record brought up from the court below, certain exceptions to this rule are recognized, and we think that the happenings subsequent to the suing out of the writ of error bring this case within the exceptions. Sewell v. Johnson, 165 Cal. 762, 134 P. 704, Ann. Cas. 1915B, 645, 648; Ballard v. Searls, 130 U. S. 50, 9 S. Ct. 418, 32 L. Ed. 846; Butler v. Eaton, 141 U. S. 240, 11 S. Ct. 985, 35 L. Ed. 713; Hennessy v. Tacoma Smelting Co. (C. C. A. 9th) 129 F. 40. The order of the District Court dismissing the libel is therefore affirmed.

Affirmed.