■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DANIEL J. MANCINI, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT RALPH ROMANO, Appellant.— Appeal by defendants from an order of the County Court, Queens County, dated May 19, 1960, denying, without a hearing, their application in the nature of a writ of error *coram nobis audita querela,* to vacate and set aside a judgment of said court, rendered January 9, 1957, convicting them after a joint jury trial, of robbery in the first degree, grand larceny in the second degree, and assault in the second degree, and sentencing them to serve a term of 15 to 20 years. The following is the basis of the present application: The defendants Mancini and Romano, together with one D'Agostino, were tried under indictment No. 523–56, referred to as the Seiden crime. Romano was acquitted and Mancini and D'Agostino were found guilty as charged. Before sentence, Romano and Mancini were tried under indictment No. 524–56, referred to as the Derespines crime. They were found guilty as charged. On January 9, 1957, Mancini and D'Agostino were sentenced to serve a term of 15 to 20 years for the Seiden crime, and on the same date Mancini and Romano were sentenced to a similar term for the Derespines crime, the sentence as to Mancini to run concurrently with the sentence imposed in the Seiden crime. On February 10, 1958, the Mancini and D'Agostino convictions for the Seiden crime were reversed and a new trial ordered (5 A D 2d 841). On December 5, 1958, Mancini, on his rearraignment on the Seiden crime, pleaded guilty to a lower degree of crime, to wit, attempted robbery in the third degree. Thereafter the conviction of Mancini and Romano on the Derespines crime was affirmed (7 A D 2d 640, 6 N Y 2d 853, cert. denied 361 U. S. 852). Writs of habeas corpus were also denied by the United States District Court. The instant application to vacate and set aside the conviction of January 9, 1957 under the Derespines crime, is based on the claim that, since the Seiden crime was introduced in the Derespines trial and was a major factor in the Derespines conviction, and since the Seiden conviction was reversed by this court subsequent to the Derespines conviction, its introduction constituted error which warranted a hearing to vacate and set aside the Derespines conviction under the doctrine of writ of error *coram nobis audita querela.* This remedy authorizes the vacatur of a judgment which depends upon a judgment that has since "become invalid for some extraneous matter" (2 Freeman, Judgments [5th ed.], § 721, p. 1523, n. 8, citing *Ballard* v. *Searles*, 130 U. S. 50). Order affirmed. The introduction of the Seiden crime at the Derespines trial was initiated by defendants' counsel. Moreover, the record indicates that

**538**

this contention was raised by defendants on the Derespines appeal in this court and in the Court of Appeals, and was effectively disposed of against defendants. Since the documentary proof refutes defendants' contention, a hearing was properly denied (*People* v. *Guariglia,* 303 N. Y. 338). Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.